CASE 82—PETITION ORDINARY—JUNE 2.

# Bane v. Travelers' Insurance Co.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

ACCIDENT INSURANCE—NON-PAYMENT OF PREMIUM.—Appellee issued to appellant an accident insurance policy for the period of twelve months, in consideration of the sum of twenty dollars, payable by installments, for which appellant gave appellee an order on a railroad company, in the employment of which he was, the policy providing that "the first, second, third and fourth installments specified in the aforesaid order shall apply only to the payment of premium for the first, second, third and fourth insurance periods of two, two, three and five months each, and in the order named. It is also agreed that there shall be no liability under this policy for any claim by reason of personal injuries as aforesaid, occurring in either of said insurance periods for which the respective installments of premiums shall not have been actually paid." The order for twenty dollars drawn by appellant on the railroad company provided for the payment of the first installment of five dollars out of his wages for January, the second installment out of his wages for February, the third installment out of his wages for March, and the fourth installment out of his wages for April. Appellant worked during the months of January and February, and five dollars was paid on the order out of the wages of each of those months. He failed to work in March and April, but resumed work May 1, and when he was injured in May the railroad company owed him more than ten dollars. In an action on the policy, *Held*—First. The order on the railroad company was not an assignment of twenty dollars to be paid out of *any* money that might become due to the insured, but only of five dollars out of his wages for each of four specified months, during two of which he earned nothing. Therefore, the drawee in the order had no right to pay the balance due upon the order out of the wages of any other month.

Second. The insurance company was not obliged, in order to escape liability, to return to the insured the order and notify him that the contract of insurance was at an end, since by the express terms of the contract the insurance was to cease at the end of any period if the premium for the succeeding period was not paid. It was the duty of the insured, if he desired to continue the policy, to pay the installments, and his failure to do so terminated the liability of the company.

S. B. TONEY, BROWN, HUMPHREY & DAVIE for appellant.

1. The written order was in effect a bill of exchange; for it did not limit the railroad company to paying each installment out of a particular month's earnings only; but was a general order to pay out of any funds of Bane's the railroad company might have, or to advance the money for Bane. The mention of the different months was merely a direction to the railroad company against which fund to charge what it should pay, in order to reimburse itself. (Daniel Negotiable Instruments, section 51; Bank of Kentucky v. Sanders, 3 A. K. Marshall, 185.) But whether a bill of exchange or a mere common law order, it was expressly accepted as the "consideration" for the policy; and Bane was liable upon it to the insurance company in the sum of twenty dollars, the premium for one year's insurance. (Curle v. Beer, 3 J. J. Marshall, 170; Carlisle v. Dubree, 3 J. J. Marshall, 542; 1 Chitty's Plead., 114.)

2. It is the settled rule in Kentucky that where the insurance company takes in advance the note or order of the assured for a premium, to become due at a time before the expiration of the policy, the nonpayment of the order by the assured at maturity will not warrant a claim of forfeiture unless the insurance company, before the death, notifies the assured that it elects to cancel the contract, or returns the order to the assured (Montgomery v. Phœnix Insurance Company, 14 Bush, 51; Johnson v Southern Mutual Insurance Company, 79 Kentucky, 407; North-western Insurance Company v. Fort, 82 Kentucky, 269.)

3. The first and second installments of the premiums having been paid, extended the insurance period to May 10; and, on and before May 10, there was in the hands of the railroad company more than ten dollars of Bane's money. The policy only required that the third (five dollars) installment of the premium be paid on or before May 10. If the insurance company had presented the order to the railroad company on May 10, it would have received the third installment of five dollars, which only fell due that day. It can not claim a forfeiture for a non-payment caused by its own failure to present the order and receive payment. (Lyon v. Travelers' Insurance Company, 55 Michigan, 141; North-western Insurance Company v. Fort, 82 Kentucky, 271.)

JAMES S. PIRTLE for appellee.

1. An order such as was given in this case is simply an assignment of a particular fund to arise from labor to be performed, and, like all assignments of choses in action specially limited and described, carries only the thing described. There was, therefore, no appropriation of wages to be earned in May.

Bane v. Travelers' Insurance Co.

2. Wages to be earned may be assigned, but the assignment can only take effect upon the wages when earned, and as none were earned by Bane in March, 1883, upon which the assignment could take effect, it never did take effect beyond the February wages. (Wallace v. Walter, 16 Gray (82 Mass.), 209; Knowlton v. Cooly, 102 Mass., 233; Hawley v. Bristol, 39 Conn., 26; Garland v. Harrington, 51 N. H., 409; Alger v. Scott, 54 N. Y., 14.)

Therefore, as the assignment did not take effect, there was no reason why the company should return the order or notify Bane of the non-payment of the third installment out of his wages for March, when he knew he had earned no wages for that month. (Lyon v. Travelers' Ins. Co., 13 Ins. Law Journal, 923; S. C., 55 Mich., 141.)

This case does not come within the doctrine laid down in Montgomery v. Phœnix Ins. Co., 14 Bush, 71, and Johnson v. Southern Mut. Life Ins. Co., 79 Ky.

3. This contract for insurance was on the installment plan, and the failure in such a case to pay an installment of premium works an end and determination of the contract just as the failure to pay an annual premium would (Howard v. Continental Life Ins. Co., 48 Cal., 229; May on Insurance, sec. 345; Phœnix Co. v. Sheridan, 8 House of Lords Cases, 745; Yost v. American Ins. Co., 39 Mich., 531.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The portions of the accident policy issued on the tenth day of January, 1883, by the appellee, the Travelers' Insurance Company, upon the life of Patrick Bane, which are material to the consideration of this case, read thus:

"The Travelers' Insurance Company of Hartford, Conn., in consideration of the warranties made in the application for this policy, and of an order on the Texas Pacific Railway Company for the sum of twenty dollars, payable by installments in accordance with said order, does hereby insure Patrick Bane in the principal sum of two thousand dollars for the term of twelve months, commencing at twelve o'clock noon on the day and date of this policy, the said sum to be paid to Mark Bane, if surviving. * * * *

"Provided always, that in the event of any claim for injury to the insured before the actual payment of the first installment under the aforesaid order, then from any amount found to be justly due by reason of said injury may be deducted the sum of all the installments called for by said order, whereupon the order shall be canceled, and the premiums for the full term of this policy receipted for as fully paid ; but if the sum found to be due under said claim shall be less than the unpaid installments covered by said order, then the sum adjudged to be due to the insured shall be credited on account of the installments due or to become due under said order. It being expressly understood and agreed that the first, second, third and fourth installments specified in the aforesaid order shall apply only to the payment of premium for the first, second, third and fourth insurance periods of two, two, three and five months each, and in the order named. It is also agreed that there shall be no liability under this policy for any claim by reason of personal injuries, as aforesaid, occurring in either of the said insurance periods for which the respective installments of premiums shall not have been actually paid, except as herein provided for delay in payment of the first installment as the premium for the first insurance period. * * If the company shall so elect, this policy may be canceled at any time, by refunding to the insured the premium paid by him, less a *pro rata* part thereof for the time said policy has been in force."

This is the order referred to in the policy :

"PAYMASTER'S ORDER FOR $20.

" *To the Texas Pacific Railway Company:*

"Please pay to the Travelers' Insurance Company,

of Hartford, Conn., or its authorized agent, the sum of twenty dollars, by installments, as follows :

"First installment. Five dollars to be paid and deducted from my wages for the month of January, 1883.

"Second installment. Five dollars to be paid and deducted from my wages for the month of February, 1883.

"Third installment. Five dollars to be paid and deducted from my wages for the month of March, 1883.

"Fourth installment. Five dollars to be paid and deducted from my wages for the month of April, 1883.

"The first installment being the premium for two months, the first insurance period, under a policy of insurance issued to me by said company, and bearing even date and number herewith ; the second installment being the premium for two months, the second insurance period under said policy ; the third installment being the premium for three months, the third insurance period under said policy ; and the fourth installment being the premium for five months, the fourth insurance period under said policy, all in accordance with the provisions and conditions of said policy and my application for the same.

[Signed]                          "PATRICK BANE."

The policy was delivered to the insured, and the order to the insurance company. The insured worked for the railway company during January and February, 1883, but not during March and April following. He resumed work for it on May first, and was killed on May 28, 1883. The order was never accepted by the

railway company, but was left with it by the insurance company. The installments from the January and February wages were paid to the appellee by the railway company; but those for March and April were not paid, as the insured earned nothing during those months. On the tenth day of May, however, there was more than ten dollars due him from the railway company, and at his death the sum of forty-seven dollars and · seventy cents, all earned during the month of May, 1883. The insurance company never demanded payment of the balance of the order of the railway company, and never notified the insured of its non-payment, or that the contract of insurance was at an end, and never returned the order to him or offered to do so.

The insurance company contends that, by the terms of the contract, the several payments were to pay for insurance in several periods; thus, the first payment for two months, or from January 10th to March 10th; the second payment for two months, or from the last-named date to May 10th; but that, if the third payment was not in fact made, then the insurance ceased at the end of the second period. In short, that the insurance was on the installment plan, and that the failure to pay the installment, *ipso facto*, worked an end of the contract.

The beneficiary under the policy says, however, that by a fair construction of the contract, the period of insurance was twelve months; that in consideration of it, the insured gave the order for twenty dollars; that the provision in it as to how it was to be paid was merely directory, and but an indication to the drawee as to how he was to reimburse himself, and that it was

an *executed* contract of insurance for a year. More-over, if the order was not a bill of exchange by reason of being payable out of a *particular* fund, that yet it was binding on the drawer as a common law order, be-cause *prima facie* it imported an indebtedness by him to the insurance company ; and as it neither returned the order to him or notified him of its non-payment, or that it elected in consequence thereof to consider the contract at an end, there was a waiver of any forfeiture or right of forfeiture upon the part of the company, even if, under the contract, it had this right.

In considering this question, the character of accident insurance must be borne in mind, and that the policy is a peculiar one.

Undoubtedly, the rights of the parties should be reciprocal. The insurance company should not be allowed to occupy such a legal attitude that it can say, in case the insured lives : " You owe this order ; " but in case of his death, that " the insurance had ex-pired by reason of its non-payment." The manifest injustice of such an advantage has led to the adoption of the rule in this State, that where an insurance com-pany has taken the personal obligation of the insured to pay a premium at a particular time on pain of for-feiture, the right to rely upon a forfeiture is waived by retaining the obligation after maturity without notice to the insured of an intention to consider the policy void. Here, however, the policy and the order con-stitute one contract, and there is no conflict between them. The order was to be paid in installments by the employer out of the wages of the employe for speci-fied months. They were not earned when the order was

given, and the assignment could not operate until the insured was entitled to the money. It was not an assignment of twenty dollars to be paid out of *any* money that might become due to the insured, but only five dollars out of his wages for each of four specified months, during two of which he earned nothing.

Undoubtedly the drawee in the order had no right to pay the balance due upon the order out of the May wages. The assignment did not embrace them, and such payment, if made, would have been at his peril. If made, and it had subsequently appeared that the insured had assigned his May wages to another party, such party could have compelled payment from the employer, because the transfer to the insurance company was of specific wages. It therefore makes no difference that when the second period of insurance expired, the insured had a sufficient amount of wages owing to him by the railway company, for the month of May, to have paid the balance of the premium, or that this continued to be the case until his death.

The only real question, it seems to us, is, whether the insurance company was required to return to the insured the order and notify him that the contract of insurance was at an end, upon peril, if it did not do so, that it should operate as a continuation of the contract.

By the express terms of the contract the insurance was to cease at the end of the second period if the premium for the third period was not paid. It is evident that the parties to the contract looked alone to the wages that were expected to become due from the railway company for the payment of the premium. It is unreasonable to suppose that the credit would

otherwise have been given by the insurance company.
Railroad employes, as a general thing, are transitory
persons, and it would be destructive of the acci-
dent insurance business as to them, if, by the mere
giving of an order to the insurer, to be paid out of
a fund to be earned by them in the future, they could
compel the insurer to carry the insurance, although
they should fail to work because they might not be
hunted up and the order returned.  In this instance
the insured knew he had not earned the wages which
he had assigned in order to continue the policy.  If he
had lived, and the insurance company had attempted to
collect the balance of the order out of his May wages,
could he not have claimed successfully that he did not
transfer them, and that he had chosen to let the policy
lapse?  He knew that the expected fund had not been
earned; that by the express condition of the policy its
continuation depended upon payment in that way.  The
right of election was with him, and not with the com-
pany, under such circumstances.  It was his duty, if he
desired to continue the policy, to have paid the install-
ments, and his failure to do so terminated the liability
of the company.

It is really a misnomer to say that the policy in this
instance was forfeited by the non-payment of the pre-
mium.  The insurance, by the express terms of the pol-
icy, ceased because of such non-payment.

The payment of the premium was a condition prece-
dent to the continuation of the risk, and even a court
of equity will not interfere to release one from the con-
sequences of such a failure.

The order in this case, in view of the circumstances,

did not bind the drawer personally, and with the cessation of the policy the entire contract was at an end.

The case of Lyon v. Travelers' Insurance Company, 55 Mich. Rep., 141, differs from this one in the controlling circumstance that there the insured had earned the wages out of which the premium was to be paid, thus providing for its payment; and they were, in fact, owing by the employer, and subject to the control of the insured.

Judgment affirmed.