McMAHON v. THE TRAVELERS' INSURANCE COMPANY.

Insurance: AGAINST ACCIDENT: NON-PAYMENT OF PREMIUM INSTALL-
MENTS: FORFEITURE: NOTICE: WAIVER. M. was an employe of a
railroad company, and he procured of the defendant an accident
insurance policy payable to his wife, the plaintiff. The policy
insured him for four consecutive periods of two, two, three and
five months, respectively, from April 21, 1887, and to pay the
premiums he gave to defendant an order on the railroad company
for the payment of five dollars out of his wages for each of the
months of May, June, July and August, 1887, and it was expressly
provided in the contract that each of the four payments was to be
applied only to its corresponding insurance period, and that "all
claims for injuries effected during any period for which its respect-
ive premium has not been actually paid shall be forfeited to the
company." The railroad company received the order and placed it
on file as a voucher, and paid the five dollars out of M.'s wages for
the month of May, but it never formally accepted the order. The
defendant, on or before June 21, demanded of the railroad com-
pany the five dollars for that month, but payment was refused on
the ground that M. was no longer in that company's employment;
but he was in fact in its employment, though on another division,
and he drew all of his earnings for the month of June; and on the
twenty-ninth of that month he wrote to the defendant to cancel his
policy, as he did not wish to carry it longer. Defendant did
not, however, cancel the policy nor return the order to M. On the
eighteenth of July following M. was killed by an accident, and
plaintiff drew all the wages due him. *Held*—

1) That the order on the railroad company did not amount to
a payment of the premium, and that M. was insured only for
the first period of two months, for which the premium was
actually paid; which time expired prior to his death.

(2) That since M. had directed the cancellation of the policy,
and drew all his wages for the month of June, it is evident
that he intended to terminate it, and considered it no longer
in force, and that he had actual notice that the payment of
the premium for June had not been made. Hence the plain-
tiff has no ground to complain that defendant did not notify
him of the railroad company's failure to make the second
payment.

(3) That defendant's right to claim a forfeiture was not waived by its failure to cancel the policy and return the order; for, had the cancellation been waived, and M. lived, and the third payment been made, the policy would have been in force, by its terms, during the third period, regardless of its condition during the second.

*Appeal from Des Moines District Court.* — Hon. CHARLES H. PHELPS, Judge.

FILED, MAY 8, 1889.

ACTION to recover an amount alleged to be due on a policy of insurance issued by defendant. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*Power & Huston,* for appellant.

*Dodge & Dodge* and *A. H. Stutsman,* for appellee.

ROBINSON, J.—On the twenty-first day of April, 1887, the defendant issued the policy in suit. The portions of that policy important for consideration on this appeal are as follows: "The Travelers' Insurance Company of Hartford, Conn., in consideration of the warranties in the application for this policy, and of an order (for moneys therein specified) on Chicago, Burlington and Quincy Railroad Company, does hereby insure (subject to conditions on back hereof, not waivable by agents) John McMahon, stone-mason, for the period or periods specified below, beginning at noon of the day this policy is dated, * * * against loss by travel, * * * resulting from bodily injuries effected during the term of this insurance, through external, violent and accidental means, which shall, independent of all other causes, immediately or wholly disable him from transacting any and every kind of business pertaining to the occupation under which he is insured; or, if death shall result from such injuries alone, within ninety days, will pay two thousand dollars to Maggie McMahon, wife.

"*Express Agreement.* The payments specified in the order are premiums for consecutive periods of two, two, three and five months, and each shall apply only to its corresponding insurance period. All claims for injuries effected during any period for which its respective premium has not been actually paid shall be forfeited to the company. * * *"

The order referred to in the policy was delivered to defendant, and is as follows:

"April 21, 1887.

"*Chicago, Burlington and Quincy Railroad Company:*

"Pay to the Travelers' Insurance Company of Hartford, Connecticut, or its authorized agent, the following sums out of my wages for the months specified: (1) Five dollars for May, 1887; (2) five dollars for June, 1887; (3) five dollars for July, 1887; (4) five dollars for August, 1887. These sums are premiums on an accident policy, issued to me by the said company, bearing the same date and number as this order. If the agreements and conditions of said policy are complied with, the first payment makes said policy good for two months, the second for four months, the third for seven months, and the fourth for twelve months, respectively, from said date.

"[Signature]      JOHN McMAHON."

The order was sent to the railroad company on the twenty-first day of May, 1887, with a statement called a deduction list, showing the amount owing by McMahon from his wages for May, and also the sums due from other employes of the company to defendant. The first payment of five dollars was received by defendant from the railroad company on the eleventh day of June, 1887. The order was never formally accepted by the last-named company, but was retained by it as a voucher. On or before June 21, 1887, defendant sent to the railroad company a deduction list for that month, which showed the sum of five dollars to be due from the wages of McMahon. This was returned to defendant, with the statement that McMahon was not employed by the railroad company. No further attempt was made by

defendant to collect the sum due from McMahon, and nothing but the first payment of five dollars was ever made on the order or for the policy. The policy was not canceled by defendant, nor was the order returned to McMahon. It appears that McMahon was in fact employed by the railroad company during the month of June, although on a different division from that on which he was at work prior to May 23. He drew all of his earnings for the month of June. On the twenty-ninth day of that month McMahon wrote to the general agent of defendant, as follows: "I have left John Smith's gang. You will please cancel my accident policy, as I don't care to keep it any longer."

On the eighteenth day of July following he was run over by the cars of a railway train, and died within a few minutes from the injuries received. After his death, the plaintiff drew from the railroad company all wages due him. It is claimed by plaintiff that the policy was in force at the date of McMahon's death, and that defendant is liable therefor to the amount of the policy. Defendant denies liability, and insists that the policy was not in force by reason of non-payment of the second installment due by the terms of the order. It also contends that certain conditions of the policy were violated by deceased, and that in consequence of such violations he lost his life.

I.    It is conceded that the policy in suit was in force from the twenty-first day of April to the twenty-first day of June, 1887, that being the first of the four consecutive periods provided for in the policy. There is little or no controversy as to the facts material to this appeal, but the parties do not agree as to the effect which should be given them. It is insisted by appellee that the order which formed a part of the consideration of the policy was, in effect, both an order and an assignment of parts of the wages of McMahon; that there was an implied undertaking on his part to earn wages in the service of the railroad company to meet the payments when due, and that he performed his obligation fully, and made complete payment when he earned the required amount

McMahon v. The Travelers' Ins. Co.

of money. But the appellant contends that the policy contains, in effect, four contracts of insurance, corresponding to the number of payments provided for in the order, and that actual payment of money was required before the contract on which it was applied would become effectual. It is evident to us that the claims of appellee cannot be maintained. The policy expressly provides that the payments specified in the order are premiums for the four consecutive periods named ; that each payment should apply only to its coresponding insurance period ; and that "all claims for injuries effected during any period for which its respective premium has not been actually paid shall be forfeited to the company." This clearly provides that there shall be no recovery on the policy for injuries which are received during any insurance period for which the premium had not been "actually paid." The earning of the money would be of no value to defendant, unless the money in some manner inured to its benefit. But in this case, by the terms of the order, the money for the second insurance period could be paid by the railroad company from the June earnings alone. The railroad company never obligated itself to make that payment. It not only did not make it, but made it impossible to do so by paying all the June earnings to McMahon. The alleged accident upon which this action is founded occurred during the second insurance period provided for by the policy, and under the undisputed facts of the case there can be no recovery therefor, unless defendant has failed to discharge some duty incumbent upon it, or has waived its defense. Our attention has been called to the case of *Lyon v. Insurance Co.*, 55 Mich. 141; 20 N. W. Rep. 829, as announcing a different conclusion from similar facts. The decision in that case seems to be based in part upon facts not fully disclosed by the record, and especially upon an assignment of the wages "in writing, and independent of the order given on the railway company for the amount." Hence it does not appear that the decision is necessarily in conflict with our conclusion in

this case. McMahon himself treated the policy as at an end. Defendant made no attempt to collect premiums after it received McMahon's letter of June 29. It is said that at the time of his death the railroad company owed him an amount more than sufficient to make the payment for the second insurance period. That is true; but the amount then due was for wages earned in July, and by the terms of the order could have been used only for the third payment. Moreover, it was collected by plaintiff, and retained by her. She demands, in effect, that money collected and appropriated by McMahon and herself be treated as constructively paid to defendant for the purpose of giving life to the policy which McMahon had treated as terminated. We know of no rule of law which would sanction so inequitable a proceeding. *Bane v. Insurance Co.*, 85 Ky. 677 ; 4 S. W. Rep. 787.

II. It is said that it was the duty of defendant to notify McMahon of the failure of the railroad company to make the second payment. It is not shown when defendant learned of that failure, but it appears that McMahon drew all his wages for the month of June at the time the railroad company usually paid such wages. He therefore had actual notice that the second payment was not made, and could not have been prejudiced by the failure of defendant to give him notice of the fact. It further appears that he had directed the cancellation of the policy less than three weeks before, and his acceptance of all his earnings for June was evidence that he intended to terminate it, and considered it of no further force.

III. Appellee insists that, if defendant might at any time have claimed a forfeiture, the right to do so was waived by its failure to cancel the policy, and by its failure to return the order. Neither of these things was required of defendant in order to preserve its right to insist that it is not liable in this action. The policy provides that it may be in force during some of the insurance periods, and not during others. Had McMahon lived, and had his cancellation been waived, and

had the third payment been made, the policy would have been in force during the third period, without regard to its condition during the second.

IV. Violations of conditions of the policy in regard to intoxication, violating law, and the rules of a corporation operating the road on which McMahon met his death, and voluntary exposure. to unnecessary danger, are discussed by counsel ; but, since the conclusion we have reached seems to rest upon undisputed facts, and to be decisive of the case on its merits, we find it unnecessary to determine the other questions presented. REVERSED.