Filed April 12, 1893.

———————◆———————

No. 749.

LANDIS v. THE STANDARD LIFE AND ACCIDENT INSURANCE COMPANY.

ACCIDENT INSURANCE.—*Issuance of Policy on Conditional Liability.*—*Not Liable During Delinquency of Premium.*—*Payment, What Amounts to.*—*Forfeiture.*—A railroad employe took out a policy of accident insurance, and made an order on his employer, the railroad company, for the payment of premiums out of his wages at stated times, which order was accepted by the insurance company, and it was expressly stipulated in the policy that the assured should not make any claim for an injury which may be received during any period for which the respective premiums shall not have been actually paid prior to such injury. But instead of leaving the money subject to the order, in the hands of the railroad company, he drew the full amount of his wages, leaving nothing with which to satisfy the order, and failed to pay the premiums. The order was duly presented to the railroad company for payment, which was refused, there being no wages due the assured.

*Held*, that the assured had no right to recover under the policy for an injury occurring prior to the payment of the premiums embraced in the order, and that the acceptance of the order by the insurance company did not amount to a payment of the premiums covered by the order.

*Held*, also, that, under the circumstances, the rule that forfeiture is not favored either in law or equity can not be invoked.

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellant.

*L. Chamberlain* and *P. L. Turner*, for appellee.

DAVIS, J.—The only question for our consideration in this case arises on the pleadings, and we briefly epitomize some of the material facts therein disclosed, about which there is no controversy.

On the 28th of October, 1890, appellant applied, in writing, to appellee, for accident insurance, in which application he stated, among other things, that such insurance should "be based upon the order given herewith," etc.; that the pay-day of the L. S. and M. S. R. R., on which his order was drawn, was from the 10th to the 15th of each month, and " I agree that the payments specified in the order above mentioned shall be premiums for four separate and independent insurance contracts, the same being for consecutive periods of two, two, three and five months, and that each payment shall apply only to its corresponding insurance period. I also agree that I will make no claim on account of any injury which may be received by me during any period for which the respective premiums shall not have been actually paid prior to such injury."

The policy was issued on the same day, in consideration " of an order for moneys therein specified," etc., and embodied in express terms, among other provisions, the stipulation contained in the application above recited. On the same day, appellant signed and delivered to the insurance company an order on said railroad for the payment, out of his wages as brakeman, $6.25 for each of the months of November and December, 1890, and January and February, 1891, as premiums on said policy.

In April, 1891, this action was instituted by appellant against appellee, on said policy, to recover according to the terms thereof for injuries sustained by him in February, 1891, as he avers, " while said policy was in full force and effect," etc.

The answer of appellee is predicated on the provisions which enter into the contract hereinbefore referred to, and

also avers that appellant's wages for January, which were payable in February, did not equal the amount of the order, and that after executing and delivering said order to appellee, said appellant drew and receipted for all the money due him from said railway company, as wages, for the months of November, December, January and February, on the respective pay-days for said several months, leaving none of his wages or money, for either of said months, in the hands of said railway company to be paid to appellee; that said order was duly presented to said railway company, and payment thereof was refused, and that none of the premiums mentioned in said order were paid to appellee, and they all remain wholly unpaid, etc.

The appellant, in his reply, avers that the orders were given by him and accepted by appellee as and for an assignment of so much of his earnings, and that he only intended to draw from his wages the amount due him, not assigned, and that he did not, knowingly, draw more, and that appellee gave him no notice of the nonpayment of the orders, and that, if he had been so informed, he was ready, able, and willing to pay the amount of the orders, and would have done so.

A demurrer was overruled to appellee's answer, and a demurrer was sustained to appellant's reply.

It is insisted on the part of appellant that "the orders were an assignment *pro tanto* of the wages to become due." * * * "The order was a payment, whether collected or not."

Under the uncontroverted facts disclosed in the answer and reply, and in view of the provisions of the contract set out therein, we are not able to agree with counsel. If sufficient of appellee's wages, for the respective months, had remained in the hands of the railway company, at the different periods when the orders were to be paid, to satisfy the several premiums, then the payment thereof would

Landis *v.* The Standard Life and Accident Insurance Company.

have been presumed, until notice to appellant, by appellee, to the contrary.

Good faith and fair dealing would, under such circumstances, require this result, for the reason that forfeiture is not favored either in law or equity, and because such provisions are inserted for the benefit of the insurer, and may be waived by the company. But this rule can not be invoked in behalf of appellant, in this case, in the face of the concession that he in person drew and receipted for all the money due or owing him as wages for each of the months mentioned in the order, and that nothing was ever paid by him, or any one else, to appellee on account of said insurance.

In the case of *Lyon* v. *Travelers' Ins. Co.*, 55 Mich. 141, the assignment of the wages was in writing in a separate instrument independent of the order, and the wages were at the proper time earned and in the hands of the railway company, with which to pay the insurance company on account of such order and assignment.

In this case there was no such assignment, and there was no money earned by appellant and in the hands of the railway company, at the proper time, with which to pay the insurance company.

Having received the money himself and retained it, he can not now claim that the payment should be regarded as having been made to the insurance company.

The case of *McMahon* v. *Travelers' Ins. Co.* (Iowa), 42 N. W. Rep. 179, is in many respects analogous to the one at bar, and the decision in that case is adverse to the contention of appellant in this case.

The order in this case was not accepted or acknowledged as conclusive evidence of the payment of the premiums. Therefore, the case of *National Benefit Ass'n* v. *Jackson*, 114 Ill. 533, is not in point.

There are, in this case, no elements of estoppel as in

*Kline* v. *National Benefit Ass'n*, 111 Ind. 462, and no waiver as in *Home Ins. Co.* v. *Gilman, Exec.*, 112 Ind. 7.

In the Kline case, it was stipulated in the policy that the receipt issued by the company "shall be conclusive evidence that the above amount has been paid," and moreover in that case, the action was prosecuted by the beneficiary and not by the assured.

We have considered all the questions presented, and have examined all the authorities cited, and our conclusion is that there is no available error in the record.

Judgment affirmed.

Filed April 13, 1893.