GENERAL ELECTRIC COMPANY v. BLACKSBURG LAND AND IMPROVE-
MENT COMPANY.

1. EVIDENCE—OBJECTION.—A defendant cannot object at the trial to the introduction of a letter, on the ground that it was irrelevant, and in this court upon the ground that the signature of the writer was not proved.

2. IBID.—A letter written by the president of a corporation, promising to pay a claim against his corporation, is relevant in a suit on the claim.

3. EXCEPTIONS.—The office of an exception is to point out some particular error, either as to the law or the testimony, and one not performing this duty will not be considered by this court.

4. PROOF—VARIANCE.—Upon action brought for goods sold and delivered, proof that the account was for repairs done, is sufficient to sustain a judgment, when it is manifest the opposite party was not misled thereby, and when he did not make a motion below to have the plaintiff elect which cause of action he would rely upon.

5. EVIDENCE—IBID.—In an action on account for goods sold and delivered, proof that the account is for repairs, a copy being served with complaint, there is not a fatal variance between allegations and proof.

Before BENET, J., Yorkville, May 14, 1895.    Affirmed.

Action by General Electric Company against Blacksburg Land and Improvement Company, on open account.    Copy of account served with complaint.    Commenced September 24, 1894.    Judgment for plaintiff.    Defendant appeals.

*Mr. N. W. Hardin,* for appellant.

*Messrs. J. E. Webster* and *C. E. Spencer,* contra.

March 9, 1896.    The opinion of the court was delivered by

MR. JUSTICE POPE.    This was an action by the plaintiff to recover from the defendant the sum of $135.82.    It came on for trial on the 14th. day of May, 1895, at Yorkville, S. C., in the Court of Common Pleas, before his honor, Judge Benet—a trial by jury having been waived in open court, and the waiver duly entered upon the judge's minutes. The judge gave the plaintiff judgment for the amount sued for, and from this judgment the defendant now appeals to this court, upon the following grounds:

1. Because it was error to admit in evidence the letter of John F. Jones, as it was not sufficiently proven, and was irrelevant.

2. Because it was error to give judgment against the defendant, when there was no testimony upon which such a judgment could have been predicated.

3. Because plaintiff sued for "goods sold and delivered"

and nothing more, whereas the proof, uncontradicted, was that if the defendant owed the plaintiff anything, it was for work and labor performed on fifty-four incandescent electric light distributors that always belonged to the defendant.

4. Because there was a fatal variance in the allegations contained in the complaint and the proof in the case, and the complaint should have been dismissed.

We will now dispose of these grounds of appeal *seriatim.* When Mr. Webster, as plaintiff's attorney, received this claim from plaintiff for collection, he addressed a letter to Maj. Jno. F. Jones, as president of the defendant corporation, asking for payment of this account. The letter of Maj. Jno. F. Jones, as such president, in reply to the letter of Mr. Webster, admitted the justice of the plaintiff's claim, asking indulgence for a while. The "Case" shows that when the plaintiff offered to introduce this letter of Major Jones in testimony, it was objected to as irrelevant.

Now the defendant seeks *for the first time* to complain that the signature of Major Jones was not proved. This he is not allowed to do. The letter, relating to this claim and promising its payment by the president of the defendant corporation, was perfectly relevant, and the Circuit Judge was not in error in receiving it. So much for the first exception.

The second exception is too general to warrant any consideration by us. We have repeatedly held that the office of an exception is to point out some particular error either as to the law or as to the testimony. The form of the present ground of appeal is directed against a general lack of testimony, without any indication as to the point where such deficiency in the testimony exists. It is overruled.

The third exception cannot be sustained, for while the plaintiff did sue on an account for goods sold, yet the account itself complained upon is made a part of the complaint. Under the Code great liberality is allowed in construing pleadings with reference to the testi-

mony offered in support of such pleadings, and when it is manifest that the opposite party is not misled, it is readily cured. Besides all this, the defendant went to trial with a full knowledge of all the facts, and did not move to have plaintiff make his pleading more definite or to elect which cause of action he would elect to try. If any error exists, he should have pointed it out *in the court below.* This he did not attempt. He is too late now.

Lastly, we will consider the fourth ground of appeal. We are not able to see the fatal variance between the allegations of the complaint and the proof in the case, and the appellant has not pointed it out, except as in so far as he states that the complaint in its third paragraphs alleges: "That the defendant company is indebted to the plaintiff company by account in the sum of $135.82 for goods sold and delivered on 28 August, 1893, a copy of which account is hereto annexed, marked exhibit A, and made a part of this complaint." The account was "28 August, 1893 * * * 54 No. 1735 ind. distributors repd $131.65, 1 box .65, freight $3.57—$135.82." The proof of the president of the defendant company, by his admission, verbally and by letter, to Mr. Webster, as plaintiff's attorney, was that the account was correct and would be paid as soon as he could, asking for a few months indulgence. One of the subordinate officers of defendant company testified for it, that the word "repd" in the account meant repaired, and that the numerals "54" and the words "ind. distributors" in the account, meant 54 incandescent electric light distributors that plaintiff had repaired for defendant. So with all those facts in testimony and being applied to the complaint there was no fatal variance. The debt was one *by open account.* The account served with the complaint as a part thereof fully informed the defendant what was being sued for. The president of defendant admitted it was just and owing, and promised to pay it. We must overrule this ground of appeal also.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.