### HAGINS v. AETNA LIFE INS. CO.

1. INSURANCE—NOTICE.—Where the papers constituting a contract of insurance provide that the insurance for each period was to depend on *actual payment* of orders of insured on his employer, to be paid out of his earnings for the period, in case of failure to earn enough in one period to pay the premium due in that period, the insured is not entitled to notice of non-payment of order before policy is avoided as to that period.

2. EVIDENCE—DE BENE ESSE.—A deposition *de bene esse* sent by mail to clerk of Court without any formal sealing by the officer, not accompanied by his signature or anything denoting its contents, is not admissible as evidence.

3. IBID.—Where an order was not taken as payment the drawee could state if there were anything on his books to credit of drawer without producing the books.

4. IBID.—EXCEPTION.—Objection to evidence made for first time here will not be considered.

5. IBID.—STRIKING OUT.—If answer to a question be regarded as incompetent or hearsay, remedy is motion to strike out.
6. IBID.—PAROL—CONTRACTS.—While the written contract is the best evidence of what a contracting party has a right to do, a witness may say what it did or refused to do.

Before FRANK B. GARY, special Judge, Cherokee. Reversed.

Action by Lucy Hagins against Aetna Life Insurance Co. From judgment for defendant, plaintiff appeals.

*Mr. G. W. Speer,* for appellant, cites: *Where an order is given in payment insured should be notified of non-payment:* 1 W. R., 600; 114 Ill., 535; 53 Mich., 141; 54 A. R., 354; 10 L. R. A., 534; 2 Ency., 289. *Payment of note given for premium is not condition precedent to validity of contract:* 93 Ind., 7; 101 Mass., 558; 45 N. J. L., 543; 42 Mich., 19. *As to liability of defendant:* 37 S. C., 417; 30 Ohio St., 240. *Envelope containing deposition does not conform to statute as to indorsements:* Code, 1902, 2883; 39 S. C., 410; 67 S. C., 431.

*Messrs. Carlisle & Carlisle,* contra, cite: *Failure to pay order avoided policy:* 85 Ky., 787; 77 Ia., 229; 6 Ind. App., 502. *Misstating evidence not called to attention of Judge is not ground for appeal:* 27 S. C., 609; 44 S. C., 546. *Writing signature of officer across flap of envelope not necessary in deposition:* 67 S. C., 431; 12 Rich., 205.

July 28, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant issued an accident insurance policy to J. R. Hagins, a fireman on the Southern Railway. The date of the policy was August 20, 1903, and to provide for payment of the premiums, the defendant took orders from Hagins on the Southern Railway Company for $5 for each of the months of September, October, November and December, to be paid out of his monthly earnings. The

policy contains this provision: "The payments specified in said order are premiums for separate and consecutive periods of two, three and five months, and each shall apply only to its corresponding insurance period. No claim for injuries sustained during any period for which its respective premium has not been actually paid in full shall be valid under this policy, except in case of just claim for injuries sustained before the end of the week or month from the wages of which the first premium is to be deducted, as provided in said order." There are similar stipulations in the application for insurance, and in the order on the railroad company for monthly payment of the premiums. Hagins was accidentally killed October 28, 1903, and his wife, the beneficiary, brought this action on the policy. The defense was that, though the order for monthly payments from wages was filed with the railroad company and payment demanded, the company refused to pay the instalment of $5 for the month of September, Hagins having earned for that month only $2.60, and for this reason, under the provision of the policy above quoted, the insurance was at an end and the company not liable. The verdict was for the defendant. The exceptions charge error in the admission of testimony, in instructing the jury, and in refusing a new trial.

The Circuit Judge, after reading the stipulation of the policy which was in controversy and which we have quoted above, charged the jury: "If you find that this is the agreement, that provides that if any of those insurance periods are not paid according to the terms that the policy lapses. That is what it provides, if you find that this is the agreement." The plaintiff's position as to this instruction, that the term "injuries" used in this provision of the policy does not refer to injuries resulting in death, and that the accident having produced death, the insurance company is liable to the beneficiary at all events without respect to this stipulation, is untenable, because the

contract, by its terms, expressly embraces death resulting solely from injuries.

The Circuit Judge charged at plaintiff's request: "Where a party gives an order for the premium and the same is returned not paid, good faith requires the insurance company to notify the party that his order has not been paid before it can insist on a forfeiture for non-payment," but with the modification, "unless there is some stipulation in the agreement that does away with the necessity for that notification." The plaintiff submits the request should have been charged without modification. We think the Circuit Judge was right in his view of the law.

Evidence was admitted tending to prove that for the month of September the insured only earned $2.60, and for that reason the railroad company refused to pay his order of $5 premium for the first insurance period of two months. Nothing can be clearer than that by each of the three papers which covered the entire negotiation and contract, it was agreed the insurance for each period was to depend on the actual payment of the orders on the railroad company out of the earnings of the insured for the months specified. The case is thus distinguished from *Stepp* v. *Association*, 37 S. C., 417, 16 S. E., 134, and *Dargan* v. *Assurance Society*, 71 S. C., 359; and if a note had been given for the premium under such a stipulation, and not paid, the policy would have failed. *Thompson* v. *Insurance Co.*, 104 U. S., 257, 26 L. ed., 765. The general rule, however, is that when a check or order is taken for the premium, even where it is agreed the policy shall not be effective until it is paid, it is the duty of the insurer to use due diligence to collect it. Whether it is his duty to give notice of non-payment and return the order or check depends upon the circumstances and the relation of the parties. Here the orders were on credits which the insured expected to have with his employer, but which he well knew never would exist except for wages actually earned by his labor. If he neglected to perform the labor for the month mentioned in the order, he

could not fail to know that the order was worthless. Even if he had credit for labor performed for some period other than that embraced in the order, this would not have been available, because the railroad company had no right to apply his wages except as he directed, and if it had done so it would have had no defense against his demand for the wages for any month except that mentioned in the order. To hold that, though the insured failed to earn the wages upon which he gave the order, yet it was necessary that the insurance company should give him notice of his failure and the consequent non-payment of his order, would be to strike down the business in which the defendant is engaged and deprive those employed in the lower grades of railroad service of the opportunity to insure. They constantly change from place to place, and it would be an impracticable business enterprise for an insurance company to insure them on the credit of wages to be earned, if upon every failure to earn the wages the company should be required at its peril to find them, notify them of that which they already knew, and return the order. The plaintiff was, therefore, not entitled to the unqualified instruction that the defendant could not avail itself of the defense of non-payment of the order without proof of notice to insured of non-payment. This view is supported by a number of well-considered cases. 1 Cyc., 242; *Bane* v. *Travellers' Ins. Co.,* 4 S. W., 787 (Ky.); *McMahon* v. *Travellers' Ins. Co.,* 42 N. W., 179 (Ia.); *Insurance Co.* v. *Walker,* 53 S. W., 675 (Ark.); *Assurance Corporation* v. *Rochelle,* 35 S. W., 869 (Tex.); *Reed* v. *Ins. Co.,* 43 S. E., 433 (Ga.); *Landis* v. *Insurance Co.,* 33 N. E., 989 (Ind.).

The cases relied on by appellant are not in conflict with this conclusion. In *Benefit Association* v. *Jackson,* 2 N. E., 414 (Ill.), it was held the evidence showed the order was actually accepted as payment, and that it was refused for lack of funds by mistake of the paymaster of the railroad.

In *Eury* v. *Insurance Co.,* 10 L. R. A., 534 (Tenn.), the stipulations in the policy, application and order here present

do not appear, and the decision was placed on the peculiar circumstances under which the policy was taken and the failure of the insurance company to show that there was nothing due insured applicable to the order.

It was held in *Lyon* v. *Insurance Co.,* 54 Am. Rep., 354 (Mich.), that the wages being earned, and failure to pay the order being due to mistake of the railroad company, the insured was entitled to notice of non-payment.

The evidence in the case now under consideration tends to show that the orders were placed by the insurance company in the hands of the railroad company, which undertook for a commission to collect them from the wages specified if earned. This we think established the relationship of agency between the insurance company and the railroad company, and the insurance company could not escape liability on the ground that its agent had by mistake failed to apply to the insurance order the wages in its hands applicable to that purpose. But under this contract the plaintiff could not recover unless the wages covered by the order given for the insurance period within which the insured was killed had been earned, or the order had been otherwise actually paid, or the company had waived this requirement of the contract. It was not incumbent on the insurance company, under the conditions of the contract and the relations of the parties, to give notice that the order for the period within which the insured was killed had not been paid if the wages to cover it had not been earned.

As we understand the exceptions and argument, the question whether the failure to provide for payment of the first order would entirely annul the policy, and prevent recovery under it, even if the accidental death occurred during the second or any other period, payment of the order for such period being duly provided, is not made by the appeal, and as to this question we express no opinion.

The deposition of Walter C. Faxon, a witness on behalf of defendant, was admitted over the objection of the

222 HAGINS v. LIFE INSURANCE CO.

plaintiff, that the envelope in which it was contained was not endorsed as required by the statute. There was not only an entire absence of any formal sealing by the officer, but there was nothing whatever to indicate that the envelope contained anything more than an ordinary letter or other communication to the clerk of the Court. It was held in *Riser* v. *Ry. Co.*, 67 S. C., 428, 46 S. E., 47, that "when the certificate of the notary public taking the deposition shows that it was retained by him until it was placed in the post office properly addressed, and that he personally placed it in the post office, it makes no material difference whether he prepared the certificate before or after placing the deposition in the envelope." But the case of *Travers* v. *Jennings*, 39 S. C., 410, 17 S. E., 849, was not overruled, and there a deposition was rejected for lack of evidence of some formal sealing by the notary accompanying his signature on the envelope. Here the same conditions exist, and under the authority of the case just cited, the deposition should have been rejected.

When the deposition of George S. Derrick, paymaster of the Southern Railway Company, was offered, plaintiff objected to the following question: "Will you kindly state the amount due Mr. Hagins for the month of September, 1903, as appearing from the official records in your office?" It clearly appears from the record that the objection was on the ground that the question was incompetent and irrelevant, because, as plaintiff contended, the order was accepted as payment of the premium, and proof that wages had not been earned sufficient to pay it would be immaterial. As we have already endeavored to show, the contract does not bear the construction that the orders were taken as payment. The objection that the books of the railroad company should have been produced as the best evidence is made for the first time in this Court, and it cannot, therefore, be considered. *Springs* v. *R. R. Co.*, 46 S. C., 104, 24 S. E., 166; *Electric Co.* v. *Blacksburg etc. Co.*,

46 S. C., 75, 24 S. E., 43. If the answer to the question be regarded incompetent as hearsay, this would not avail appellant, as no motion was made to srtike it out.

The plaintiff next insists it was error to allow the same witness to testify that "the $2.60 was not paid for the reason that the life insurance company will not accept partial payments on an instalment due," on the ground that the order given by the insured was the best evidence. It is true, the writing made by the parties, which constituted the contract, was the best evidence of what the insurance company had *a right* to do or refuse to do, but we can see no objection to the witness testifying to what it actually did or refused to do.

No objection was made on the trial to the evidence referred to as incompetent in the tenth exception, and, therefore, that exception cannot be considered.

The seventh exception is sustained and all the others are overruled.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.