(80 South. 48)

ATKINSON v. TRAVELERS' INS. CO. OF HARTFORD. (7 Div. 942.)

(Supreme Court of Alabama. Nov. 14, 1918.)

1. INSURANCE ⊚⟶177—PAYMENT OF PREMIUMS —ACCIDENT INSURANCE.

Insured could not recover, on accident policy providing for payment of separate premiums, and that it should not be in effect during period for which premium had not been paid, for injury received in month for which no premium had been paid by his employer from wages due for that month, as authorized; no wages having been due for that month, though wages for another month were in employer's hands.

2. INSURANCE ⊚⟶310(2) — ACCIDENT INSURANCE—DUTY OF EMPLOYER TO DEMAND PREMIUM—FAILURE TO NOTIFY OF NONPAYMENT.

Where employer of one insured under accident policy had no funds out of which he was authorized to pay premium by insured, there was no duty on insurer to attempt to collect premium from employer by making demand, and failure to notify insured of nonpayment cannot avail him, in suit to recover for accident during period for which premium had not been paid.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Suit by Thomas W. Atkinson against the Travelers' Insurance Company of Hartford. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Culli & Martin and Dortch & Allen, all of Gadsden, for appellant.

O. R. Hood, of Gadsden, for appellee.

GARDNER, J. This is a suit upon an accident insurance policy. The first trial of the cause was upon its merits, resulting in a judgment for the plaintiff, from which the defendant prosecuted an appeal to this court, with the result of a reversal of the judgment. Upon the next trial of the cause additional pleadings were filed by the plaintiff, and from the adverse rulings of the court on the pleadings plaintiff took a nonsuit, and brought the case here for review. For a full statement and understanding of the cause reference is made to the opinion on former appeal. Travelers' Ins. Co. v. Atkinson, 73 South. 903.[1]

The report on the former appeal discloses that the premiums for the policy were payable in four installments, and said premiums were for separate and consecutive periods of two, two, three, and five months, and that each of said premiums should apply only to its corresponding insurance period.

It was held on former appeal that the order given by the insured to his employer called for the payment of separate premiums out of the wages of the insured earned during a certain month, and that the fourth premium was to be deducted from wages earned during the month of August. This fourth premium was never paid, and it was held by this court that, as no wages were earned by the insured during the month of August, therefore the employer had no funds in his hands with which to pay said premium, and that under the order given by the

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 198 Ala. 509.

insured the employer was only authorized to pay such premiums out of wages earned during that particular month. The injury occurred during the period for which the premium was not paid, and this is the defense which was interposed.

We are of the opinion that what was said by this court on the former appeal is conclusive also of the present appeal, adversely to the appellant.

[1] Counsel for appellant insist that the construction given to the contract and order on the former appeal is erroneous. We have carefully reviewed our former opinion, and we are still fully convinced of its correctness, and that it is fully supported by the following authorities: Bane v. Travelers' Ins. Co., 85 Ky. 677, 4 S. W. 787; Reed v. Travelers' Ins. Co., 117 Ga. 116, 43 S. E. 433; McMahon v. Travelers' Ins. Co., 77 Iowa, 229, 42 N. W. 179; Employers' Liability Assur. Corp. v. Rochelle, 13 Tex. Civ. App. 232, 35 S. W. 869.

Counsel for appellant lay much stress upon the recent decision by this court in the case of Continental Casualty Co v. Vines, 78 South. 392;[1] but upon an examination of that case we find no conflict whatever in what was there held and the ruling in this cause on former appeal. In fact, we are cited to no authority that, in our opinion, is in conflict with the former holding or with the cases above cited supporting the same. The case of Lyon v. Travelers' Ins. Co., 55 Mich. 141, 20 N. W. 829, 54 Am. Rep. 354, is referred to in some of the above-cited authorities, and is distinguished therefrom. See, also, Landis v. Standard Life & Accident Ins. Co., 6 Ind. App. 502, 33 N. E. 989; Geddes v. Ann Arbor R. R., etc., Ass'n, 178 Mich. 486, 144 N. W. 828.

Plea 4 sets out the provisions of the policy, providing for the payment of four separate premiums, and the further provision that the policy should not be in effect during the period for which the premium had not been paid, and that the premium had not been actually paid for the period in which the appellant was injured. The plea was not subject to the demurrer interposed.

Upon reversal of the cause, plaintiff's (appellant's) counsel interposed additional replications to said plea; but we are of the opinion that in substance they introduce nothing new to what was before the court on former appeal.

[2] It is urgently insisted that these replications should be held to be good, for the reason they aver that the insurance company made no demand upon the employer for the premium which was to be paid out of the August wages, and gave no notice to the insured that such premium had not been paid— citing in support thereof Pac. Mut. Life Ins. Co. v. Walker, 67 Ark. 147, 53 S. W. 675; Knickerbocker Life Ins. Co. v. Pendleton, 112

U. S. 696, 5 Sup. Ct. 314, 28 L. Ed. 866; Cotten v. Fid. & Cas. Co. (C. C.) 41 Fed. 506; U. S. L. I. Co. v. Lesser, 126 Ala. 586, 28 South. 646, among other authorities.

We do not find, however, that the authorities relied upon by counsel in support of this insistence are applicable to the instant case; for here it appears that the employer had no funds in his hands out of which he was authorized to pay the premium, and therefore, as said by this court on former appeal, there was no duty incumbent upon the insurance company to attempt a collection thereof from the employer under these circumstances. The insured knew, or was presumed to know, there were no funds in the hands of the employer with which to pay this premium, and therefore a failure on the part of the insurance company to notify the insured of the nonpayment thereof can be of no avail.

This question was given some consideration by the Appellate Court of Indiana in Landis v. Standard Life & Accident Ins. Co., supra, in which it was held that payment of the premium would be presumed until notice was given to the insured by the insurance company to the contrary, only when it is shown that sufficient wages for the payment of said premium were in the hands of the employer to satisfy the same at the time. See, also, in this connection, Bane v. Travelers' Ins. Co., supra; Employers' Liability Assur. Corp. v. Rochelle, supra; McMahon v. Travelers' Ins. Co., supra.

The questions which we have here considered go to the merits of the cause, and we find no other question in the record calling for discussion.

The judgment appealed from will be affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.