(137 So. 414)

**PACIFIC MUT. LIFE INS. CO. v. WATSON.**

6 Div. 817.

Supreme Court of Alabama.

Oct. 8, 1931.

Rehearing Denied Nov. 19, 1931.

572

J. K. Taylor and Chas. W. Greer, both of Birmingham, for appellee.

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellant.

BOULDIN, J.

The suit is to recover the accident indemnity stipulated for the loss of one eye in an accident insurance policy.

The defense is lapse or forfeiture for nonpayment of premiums.

The insured was a machinist in the employ of the Illinois Central Railroad Company. To provide for payment of premiums, a written continuing order was given on his employer. This order, with its conditions appears in full in the report of the case.

The policy became effective June 1, 1928. The first installment, $5.50, to carry the insurance for two months, June and July, was deducted by the employer from wages due for the first half of July, and paid to the insurer; likewise $2.75, from the wages of the first half of August to carry the insurance through the month of August.

Thereafter, although the insured continued regularly in his employment, no further deductions were made, nor payments made to the insurer. The accident occurred April 8, 1929.

Besides the stipulation in the order, expressly made a part of the contract, to the effect that, upon default in payment of any installment, the insurance shall at once terminate without notice except as it may continue in force by reason of premiums theretofore paid, like stipulations appear in the policy and the application.

■■ The payment of premiums, the consideration upon which the insurer takes the risk, is of the essence of contracts of insurance. That the risk shall be carried only for the period for which the premium is paid may be incorporated as a valid term of the contract. Time is an element of the risk. The premium is based on the time limit.

Life and accident policies are subject to the same rules in this regard. Imperial Life Ins. Co. v. Glass, 96 Ala. 568, 11 So. 671; Security Mutual Life Ins. Co. v. Riley, 157 Ala. 553, 47 So. 735; Atkinson v. Travelers' Insurance Co., 202 Ala. 226, 80 So. 48; Id., 198 Ala. 509, 73 So. 903; Provident Life & Accident Ins. Co. v. Hollums, 213 Ala. 300, 104 So. 522; Continental Casualty Co. v. Vines, 201 Ala. 486, 78 So. 392.

The questions of importance here arise from the manner of payment devised by the parties, the order to the employer, and the events which followed.

Such orders, in the development of this class of insurance, have taken different forms. The cases must be studied in the light of their several peculiar facts.

In a note to Stewart v. Continental Casualty Co., 67 A. L. R. pp. 180 to 196, is found a review and classification of authorities. See, also, 1 C. J. p. 410, § 29, and notes.

■ An order such as here involved is more than the mere appointment of an agent by the insured to make payment for him. It is contractual in character as between the insurer and the insured.

The weight of reason and authority supports the view that in such case the insured is relieved of any active duty to see that the insurer collects from the employer. His duty is to go on with his task, to accumulate earnings in the hands of his employer to meet the premiums as they fall due. This done, the duty devolves on the insurer to present the order and demand payment. The insured may assume, in the absence of notice to the contrary, that proper arrangements have been made between the insured and his employer, and the program is being duly carried out.

■ So earnings deducted by the employer on payday and left with him as per order may be regarded as paid, until notice to the contrary is brought home to the insured or is chargeable to him. Atkinson v. Travelers' Ins. Co., 202 Ala. 226, 80 So. 48; Continental Casualty Co. v. Vines, 201 Ala. 486, 78 So. 392; Beets v. Inter Ocean Casualty Co., 159 Tenn. 564, 20 S.W.(2d) 1040; Stewart v. Continental Casualty Co., 229 Ky. 634, 17 S.W.(2d) 745, 67 A. L. R. 175; 10 C. J. p. 410; note, 67 A. L. R. 184, 185.

But the crux of this case is in the fact that no deductions were made by the employer, and the insured was paid for his full time after the deduction for the first half of August.

So far as appears, no communications were had between the insurer and the employer during all the months intervening before the accident. Neither does it appear that any communication was had with the insured touching the order either by the insurer or employer. The order seems, for unexplained reasons, to have been simply ignored by all parties until after the accident.

■ Clearly enough if the insured knowingly collects his full wages from time to time, leaving nothing in the hands of his employer to meet the order, no duty to present the order arises. It would be a useless formality. Neither is there occasion for notice of nonpayment. He has such notice. Atkinson v. Travelers' Ins. Co., supra; note, 67 A. L. R. p. 187; Pacific Mut. Life Ins. Co. v. Walker, 67 Ark. 147, 53 S. W. 675; Landis v. Standard L., etc., Ins. Co., 6 Ind. App. 502, 33 N. E. 989; McMahon v. Travelers' Ins. Co., 77

574

Iowa, 229, 42 N. W. 179; Bane v. Travelers' Ins. Co., 85 Ky. 677, 4 S. W. 787, 9 Ky. Law Rep. 211; Hagins v. Ætna L. Ins. Co., 72 S. C. 216, 220, 51 S. E. 683; Employers' Liability Assur. Corp. v. Rochelle, 13 Tex. Civ. App. 232, 35 S. W. 869.

. An interesting question has arisen in recent cases as to whether the employee is chargeable with notice that no deduction has been made to meet the order, and, if not, on whom is the burden of proof as to such knowledge or notice.

In Beets v. Inter Ocean Casualty Co., 159 Tenn. 564, 20 S.W.(2d) 1040, the view is taken that the employee on a time basis, rather than a fixed salary, is under no duty to keep a check on his time; may assume that his employer has made proper deduction as ordered; and that the burden is on the insurer to show notice to him in some way that no deduction was made. See, also, Eury v. Standard Life & Accident Ins. Co., 89 Tenn. 427, 14 S. W. 929, 10 L. R. A. 534, and note.

Other cases above cited proceed on the broad hypothesis that the first duty is on the insured employee to make available in the hands of his employer, funds to meet the order.

The difficulty encountered in giving notice to the insured by the insurer, or of making proof of his intentional withdrawal of all his wages, are considerations given weight. The question is not free from difficulty.

In the present case reliance is had upon actual proof by the insurer to the effect that the insured did keep check on his time and earnings, took up with his employer and had corrected discrepancies between his time count and that of the employer for the months of August, September, and November, 1928, and so collected for his full time, save the deduction from August earnings as above mentioned. We find no conflict in the evidence on this point. The occasion does not, therefore, arise to decide the question last above discussed.

In answer to the showing that all the earnings were collected for the several semimonthly periods, leaving nothing in the hands of the employer to meet the order from month to month, appellee relies strongly upon the option reserved to the insurer in the irrevocable order to receive from the employer any past-due installment out of subsequently accruing wages. It appears that the earnings in the hands of the employer on each pay day when deductions were to be made were sufficient to meet any and all past-due installments.

The contention is that the option embodied in the order is inconsistent with the forfeiture provisions of the policy, and the whole should be construed favorably to the insured.

The answer is that, as part of the option itself, the effect of its exercise is stipulated in these words: "Should said policy lapse at any time by reason of non-payment of any instalment, and premium or any instalment thereof be afterwards paid, then such payment shall reinstate said policy only as provided therein."

The provision of the policy in that regard reads: "3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy but only to cover loss resulting from accidental injury thereafter sustained."

. These provisions are clear and unequivocal. The lapse of the policy as per its terms is not modified nor stricken, but a reinstatement is thus provided for.

If, for any reason, earnings did not accrue for a time to meet the premiums, resulting in a lapse of the policy, the insured is thus permitted, at the option of the insurer, to pick up the payments and carry on; and at the same time the insurer is protected against the risk of intervening injury. We see no reason to deny such stipulations effect according to their clearly expressed intent.

We must conclude the defendant was entitled to the affirmative charge with hypothesis.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.