WRIGHT, Presiding Judge.
Caudle sued Blue Cross-Blue Shield (Blue Cross) claiming benefits under a hospital policy. Judgment was for plaintiff. Blue Cross appeals. We reverse.
The dispositive issue is whether an applicant for an insurance policy with coverage conditioned upon payment of the initial premium within thirty days thereof is entitled to credit for the premium from benefits accruing from a claim arising during said thirty days.
Pertinent facts are: Caudle was an insured under a Blue Cross group policy until March 24, 1976. The group policy provided that upon termination of employment, an employee could apply for an individual policy within thirty days of termination. On March 20, 1976, Caudle applied for an individual policy. On or about April 5, Blue Cross sent Caudle a certificate of insurance effective March 25, 1976, with notice of premium due March 25. The notice provided that unless the premium was paid within thirty days from March 25, 1976, coverage would terminate as of the due date.
Caudle’s wife entered the hospital on March 25 and was discharged on March 27, with covered charges of $503.70, if the policy applied for was in force on the dates of her hospitalization. Caudle never paid the initial premium but contends that he was entitled to have®so much of the benefits accrued applied as necessary to the payment of the premium due.
The case was submitted to the trial judge upon pleadings, stipulations and exhibits. The judgment therefore is not subject to the presumption of the ore tenus rule. State v. Tri-State Pharmaceutical, 371 So.2d 910 (Ala.Civ.App.), cert. denied, 371 So.2d 914 (Ala.1979).
It is clear that the obligations of Blue Cross to Caudle as insurer, if any, do not arise from the group policy which was automatically terminated when Caudle left his employment on March 20, 1976. There remained from that policy only the right of Caudle to apply for an individual policy within thirty days from its termination and pay the initial premium as required by Blue Cross. If there is coverage it must be from the new individual policy.
The trial court and appellee rely on the case of Blue Cross-Blue Shield of Alabama v. Colquitt, 42 Ala.App. 471, 168 So.2d 251, cert. denied, 277 Ala. 696, 168 So.2d 256 (1964). That case held that in order to prevent forfeiture of a policy for non-payment of premiums, if a loss occurs within the grace period, which results in an obligation for payment of benefits under the policy in a sum at least equal to the unpaid premium then due, such benefits may be applied to payment of the premium and the policy continued in force.
This court in the case of Blue Cross-Blue Shield of Alabama v. Craig, 46 Ala.App. 352, 242 So.2d 398 (1970), held that there was specific language in the policy which prohibited the application of the rule espoused by Colquitt and that such provision was permissible as a part of the contract of insurance. The language of the policy approved in Craig is contained in the policy in this case. It is as follows:
V.3. No benefits shall be provided hereunder with respect to:
*686 3. Hospital services rendered or received during the grace period provided by V1.3 if actual payment of fees then due is not received by the corporation within such grace. Receipt by a member of Hospital Services during the grace period shall not constitute payment of fees.
Section V1.3, as pertinent, states:
A grace period of thirty (30) days shall be allowed within which the subscriber may make payment ... of any fees except the initial fee. . . .
It is to be seen that if the provisions of the policy as quoted apply to the facts of this case, Craig would apply and there would be no coverage since there was no payment of premium.
However, we conclude that the thirty-day period given to Caudle for payment of premium was not a grace period as referred to in the policy. A “grace period” in insurance policies such as this one is required by statute in this state. §§ 27-19-3, -6, Code (1975). It is therein defined as follows:
A. Grace Period: A grace period of . . . (insert a number not less than “7” for weekly premium policies, and “10” for monthly premium policies and “31” for all other policies) days will be granted for the payment of each premium falling due after the first premium, during which grace period the policy shall continue in force. (Emphasis ours.)
This statutory definition clearly indicates that a first premium is not subject to nor a part of the “grace period.”
Therefore, neither Colquitt nor Craig controls in this case. The rules of contract apply. There is involved here the basic precept of the formation of an insurance contract. That is the payment of a premium and the assumption of a risk. The payment of the required premium is essential to formation of the contract. Whether the payment of the first premium is a condition precedent to the insurer’s obligation depends upon the language of the contract. It was said in Pacific Mutual Life Insurance Co. v. Watson, 223 Ala. 571, 573, 137 So. 414 (1931):
The payment of premiums, the consideration upon which the insurer takes the risk, is of the essence of contracts of insurance. That the risk shall be carried only for the period for which the premium is paid may be incorporated as a valid term of the contract. Time is an element of the risk.
The payment or agreement to pay the premium by the insured is a condition precedent to or at least concurrent with, the assuming of any liability by an insurance company. Royal Insurance Co. v. Eggleston, 19 Ala.App. 638, 99 So. 828 (1924).
Blue-Cross offered Caudle a policy of insurance in return for payment of a premium. The offer was that the policy would become effective or risk assumed as of March 25, 1976, if Caudle paid the premium therefore within thirty days from March 25. If such premium was not paid no risks were assumed. If the premium was paid, the policy would be retroactive and benefits paid thereunder. Caudle did not pay the premium—the condition precedent to assumption of risk by Blue Cross. The offer was not accepted. The policy was never in effect. Security Life and Trust Co. v. Galin, 280 Ala. 325, 193 So.2d 766 (1966); Reliance Life Insurance Co. of Pittsburgh v. Lowry, 229 Ala. 258, 156 So. 570 (1934); Cherokee Life Insurance Co. v. Brannum, 203 Ala. 145, 82 So. 175 (1919); 1 Couch on Insurance 2d, § 9.1 at 370.
To view the matter as contended by Cau-dle would permit him to receive benefits without benefit of a contract or payment of a premium.
We reverse and remand for entry of judgment for defendant.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., dissents.