STATE, Respondent, v. SYVERSON, Appellant.

(159 N. W. 40.)

(File No. 3948.   Opinion filed August 29, 1916.

1. **Appeals—Brief—Evidence—Respondent's Theory, Necessity of Covering, in Appellant's Brief, Rule.**

   Where appellant's theory of the defense is challenged by the respondent, appellant's brief should include the material evidence bearing upon the opposing theory, as well as that bearing upon his own.

2. **Same—Brief—Evidence in Record—Burden of Producing—Rules of Court.**

   Under Supreme Court Rule 6, (140 N. W. VllI), requiring appellant's brief to set forth only so much of the contents of the settled record as is necessary to a full understanding of all questions presented on appeal, with the proviso that where ap-

pellant relies upon the insuffiiciency of the evidence, he shall cause it to affirmatively appear that the statement contains all material evidence, and Rule 7, (140 N. W. VIII), providing that if respondent deems the statement in appellant's brief to be imperfect or unfair, he may insert in his brief such additional statement as deemed necessary to a full understanding of questions presented on appeal, held, that, while ordinarily the rule renders it sufficient for appellant to state in his brief that all material evidence appears therein, yet, such is not the rule where respondent directly challenges the sufficiency of appellant's brief in that respect; the rule regarding the assertion that appellant's brief contains all material evidence not being intended to shift from him to respondent the burden of bringing up the record on appeal.

3. Same—Brief—Evidence, Condensation of, to Narrative Form.

Where, in appellant's brief, the evidence is taken verbatim from the settled record, and it appears therefrom that on many pages the matter contained therein could have been printed in half the space occupied, held, that, except where error is assigned upon the rulings on evidence, nearly all of the matter set forth by questions and answers should have been put in narrative form.

4. Same—Brief—Evidence Printed Verbatim—Elimination, Where No Assignments of Error.

Where, in appellant's brief, many questions are stated verbatim, with exceptions and rulings, and such rulings are not assigned as error, the questions should be eliminated and evidence stated in narrative form.

5. Same—Brief—Rulings and Objections—Condensation to One Line—Reference to Settled Record, Condensation, Rule.

Where, in appellant's brief, the rulings and objection take two lines thereof, the statement, as, "The Court: overruled, Exception by defendant," should be condensed to one line. Held, further, that where 236 lines, or more than 8 pages, are consumed by printing on a separate line "Settled Record," with the page number, these references should have been made by simply giving page number in parenthesis and inserting it on previous line, accompanied by a foot-note at beginning of brief explaining that the parenthesized figures refer to pages of settled record.

6. Same—Brief—Condensation of Evidence—Court Rule.

A conscientious observation of the admonition contained in Supreme Court 6, "Preserve everything material to the question to be decided and omit everything else," ought to enable appellant's counsel to condense the record very materially.

7. Same—Brief—Duplications—Reprinting of Record, or Argument.

Where respondent on appeal complains of duplications in.

the record and in portions of the testimony, and of erroneous references to pages of the settled record, and appellant's counsel concede these errors and ask leave to reprint the record instead of interlining and erasing the original, held, that, it appearing that the striking out of the statement of the case will necessarily carry with it the striking out of assignments of error, the argument, as well as the statement of the case should also be reprinted, in order to render the argument intelligible.

**8.** **Same—Brief—Omission of Evidence—Stating Evidence Verbatim—Erroneous References to Record—Striking Out Statement and Assignments—New Brief.**

Where appellant's brief omitted much material evidence, and in other places contained verbatim statements from the record without any attempt at condensation, and in other places set forth exceptions and rulings where rulings were not assigned as error, the printed statement and assignments of error will be stricken out, and appellant allowed to file a new brief conformatory to the rules of the Supreme Court.

**9.** **Appeals—Striking Out Appellant's Brief—Terms, Where State Opposes.**

Where the Supreme Court strikes from the record appellant's printed statement of the case and assignments of error, and permits him to file a new brief conformatory to the rules, no terms will be imposed where the state is the opposing party.

**10.** **Same—Brief—Printing Statement and Assignments of Error, and Argument, in Separate Volumes—Practice Approved—Paging.**

The practice, followed by appellant's counsel, of printing the statement of the case and assignments of error in one volume designated as "Part I," and the Argument in another volume, designated "Part II," the paging of second part being a continuation of that in first part, is commended by the Supreme Court, especially in a case involving a long record.

Whiting, J., not sitting.

Appeal from Circuit Court, Kingsbury County, HON. ALVIA E. TAYLOR, Judge.

The defendant, Emil A. Syverson, was convicted of the offense of receiving a deposit after he had notice that the bank, of which he was an officer, was insolvent, and he appeals. On motion to strike out the printed record. Record stricken from files.

*Warren & Warren, Sherin & Sherin,* and *Null & Royhl,* for appellant.

*Clarence C. Caldwell,* Attorney General, for the State.

GATES, J.   On this motion the state asks that there be stricken from the printed brief: (a) The statement of the case; (b) the assignments of error; (c) the assertion that the statement of the case prepared by appellant contains all of the material evidence received upon the trial.

[1] It is asserted by the Attorney General that much material evidence is omitted from the printed record bearing upon the correctness of the rulings of the trial court upon the reception and exclusion of evidence.   Appellant's counsel admit that they have left out much evidence, but contend that such omitted portion was not material to their theory of the defense.   If appellant's theory of the defense were unchallenged; if the state accepted that theory—then of course appellant's omission would be proper, but where such evidence is material upon a contrary theory, claimed by the state to be the correct theory, it is the duty of appellant in perfecting the appeal to include the material evidence bearing upon the opposing theory as well as that bearing upon his own.   We are of the opinion that the Attorney General's contention is well founded.

[2] It is asserted by the ·Attorney General, and many instances are pointed out, that the appellant has omitted much material evidence bearing upon the issue raised by the appellant, viz., that the evidence was insufficient to justify the verdict.   Appellant's counsel have not seriously disputed this assertion, except to state that in their opinion they have fairly stated all of the evidence material to the issues raised.   Rule 6 (140 N. W., viii) of this court, following chapter 172, Laws 1913, provides:

"Such brief shall contain, besides any citation of authorities and argument, a clear, concise, and condensed statement of the contents of such part or parts of the settled record as may be necessary to present fully to this court the errors assigned and to show that they are prejudicial to appellant, setting forth so much thereof only as is necessary to a full understanding of all the questions presented to this court for decision; provided, however, that whenever the appellant shall seek to rely upon an assignment to the effect that the evidence was insufficient to support the verdict, finding, or other decision, he shall cause it to affirm-

atively appear that the said statement in his brief contains a statement of all the material evidence received upon the trial."

Rule 7 (140 N. W. viii) of this court provides:

"If the respondent shall deem the statement of the contents of the settled record as contained in the appellant's brief to be imperfect or unfair, he may insert in his brief such further or additional statement as he shall deem necessary to a full understanding of the questions presented to this court for decision."

It seems to be the understanding of appellant that, having made the assertion in his brief that all of the material evidence appears in his brief, it is the duty of the state to print such additional parts of the record as the Attorney General deems material. That is ordinarily the rule, and, except in a direct challenge like this, it is the rule. That rule, however, is not intended to shift from appellant to respondent the burden of bringing before this court the record on appeal. We are of the opinion that the appeal record in this case does not fairly state the material evidence received upon the trial, and that upon the record as it stands the sufficiency of the evidence to sustain the verdict ought not to be considered by this court.

[3] The Attorney General contends that such of the evidence as is printed is taken verbatim from the settled record without any attempt at condensation. Appellant's counsel say that an examination of the evidence will disclose that it is as succinctly stated by question and answer as it is possible to state it. We think appellant's counsel are in error. As an illustration, the matter on page 63 of appellant's brief could have been condensed to less than a half page. So, too, the matter on pages 97, 98 and 99 could have been printed in half the space. We do not think there is any reason why nearly all of the matter set forth by questions and answers, except where error is assigned upon the rulings on evidence, should not have been put in narrative form.

[4] Again, many questions are set forth verbatim with the exceptions and rulings, and such rulings are not assigned as error, These should be eliminated, and the evidence stated in narrative form.

[5]    Again, in almost every instance the ruling and objection take two lines of the printed record, thus:

"The Court: Overruled.

"Exception by defendant."

This should properly be condensed to one line, thus:

"Objection overruled.    Defendant excepts."

Again, 236 lines, or more than 8 pages, are consumed by printing on a separate line the words, "Settled record," with the page number.    These references might have been made by simply giving the page number in parenthesis and inserting it on the previous line, accompanied by a footnote at the beginning of the brief, explaining that the figures in parenthesis refer to the pages of the settled record.

[6]    Much other unnecessary matter is printed verbatim which we need not point out at this time.    A conscientious observation of the admonition contained in rule 6, "Preserve everything material to the question to be decided and omit everything else," ought to enable appellant's counsel to condense the record very materially.

[7]    Again, the Attorney General complains of duplications in the record or portions of the testimony, and also many erroneous references to the pages of the settled record.    Appellant's counsel concede these last-mentioned errors, and say that in a case of this importance they do not feel like asking the court to permit corrections by interlineations and erasures, and ask leave to reprint the record within a reasonable time.

The striking out of the statement of the case will, of necessity, carry with it the striking out of the assignments of error. To make the argument intelligible, because of the necessary changes in page references, that should also be reprinted.

[8]    For the reasons given the printed statement of the case and the assignments of error are stricken out, and the appellant is given 40 days within which to serve and file a new brief to conform to the rules of this court.

[9]    The state being the opposing party, no terms will be imposed.

[10]    In this connection we may observe that appellant's counsel have followed the commendable practice, especially in a case involving a long record, of printing the statement of the

case and assignments of error in one volume, designated as
"Part I" and the argument, in another volume, designated as
"Part II," the paging of the second part being a continuation of
that in the first part.

WHITING, J., not sitting.