DUSTIN, Respondent, v. INTERSTATE BUSINESS MEN'S
  ACCIDENT ASSOCIATION, Appellant.

(159 N. W. 395.)

(File No. 3954.   Opinion filed October 4, 1916.)

1.  **Appeals—Record—Brief—Setting Out Material Evidence—Scope of Rule Requiring.**

    The rule requiring the appellant to set out in his brief all material evidence does not mean all the evidence that may be material on the trial, but only so much thereof as is necessary to properly present matters sought to be reviewed.

2.  **Same—Record—Evidence—Appellant's Brief—Striking Statement —Respondent Supplying Omission, Effect.**

    Where appellant's brief includes sufficient evidence to present matters sought to be reviewed, the statement in appellant's brief will not be stricken from the record, nor disregarded, though there may be other evidence that respondent or the court believes should have been printed; but in such cases the respondent may supply the omission by printing omitted evidence in an additional statement of the case, or the court may, if deemed necessary, order the original record sent up for examination.

3.  **Same—Record—Striking Statement—Showing Necessity Therefor.**

    A statement of evidence in appellant's brief will not be stricken from the record, nor disregarded by the Supreme Court, except on motion by respondent, and then only when it appears that appellant has, either intentionally or negligently, omitted to print evidence necessary on the appeal.

4.  **Insurance—Accident Insurance—Other Insurance, Notice of, Necessity—Measure of Recovery, Average Clause—Policy Construed—Ambiguity.**

    A clause in an accident policy limiting liability, "if the member shall carry any other accident insurance," held, not to relate to the time of application, but to cover the life of the policy; the word "carry," when read in connection with the succeeding modifying clause, "of which he has not notified this Association," etc., clearly indicating that it has reference to insurance in force at the time of the accident. Held, further, that said clause concerning other insurance, is not void for ambiguity.

5.  **Accident Insurance—Moral Hazard, Evidence of.**

    The element of moral hazard under an accident insurance policy, while not involved to the same extent as in fire insurance, yet does exist; and if the contract has been fairly entered into, it should be enforced wherein it limits liability of insurer, where other insurance is carried by the insured of which no

notice has been given insurer, pursuant to a clause requiring such notice.

6. **Insurance—Accident Insurance—Requirement of Notice of Other Insurance, Whether Repugnant to Main Purpose of Policy— Public Policy—Immorality.**

A clause in an accident policy limiting liability if insured carried other accident insurance of which insurer has had no notice as required by a clause in the policy, is not repugnant to the main clause therein requiring payment of stipulated sum at death of insured, nor is it contrary to law, nor is it immoral, nor against public policy; and, if validly entered into, must be given effect.

7. **Contract—Conflicting Clauses, Which Yields?—Rule.**

Where two clauses of a contract are in conflict with each other, the latter must give way to the former. So held, where in an accident insurance policy, the main clause requiring payment of a stipulated sum at death of insured is followed by one limiting liability of insurer, if insured carries other insurance of which he has not notified insurer.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNEY, Judge.

Action by Martha Alice Dustin, against the Interstate Business Men's Accident Association, to recover upon an accident policy. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*R. N. Haines,* and *J. M. Hodgson (Dunshee & Haines,* and *Stewart & Hodgson,* of counsel), for Appellant.

*Ogden & Ogden,* for Respondent.

(2) To point two of the opinion, Appellant cited: Sweeney v. Hewett, 34 S. D. 304.

(4) To point four of the opinion (first holding), Appellant cited: Globe Accident Co. v. Gerisch, 163 Ill. App. 625, 45 N. E. 563. (To last holding): Cooley's Constitutional Limitations, 6th Ed. 51; Commercial Travelers' v. Fulton, 79 Fed. 423; Travellers' Preferred v. Stone, 50 Ill. 222; Carr v. Pacific Mutual, 100 Mo. App. 602, 75 S. W. 180.

Respondent cited: Cumberland Mutual Fire Insurance Company v. Giltinan, 7 Atl. 424.

(6) To point six of the opinion, Appellant cited: Black's Law Dictionary; Vidal v. Girard's Executors, 2 How. 127; Printing Co. v. Sampson, 19 Eq. 462; Page on Contracts, Vol. 1, p. 503; Civil Code, S. D., Sec. 1859; Hronish v. Home Fire In-

surance Company of New York, (S. D.) 146 N. W. 588; Schuerman v. Dwelling House Insurance Co., 161 Ill. 437, 43 N. E. 1093; Moore v. Phoenix Insurance Co., 64 N. H. 140, 6 Atl. 27; McClure v. Watertown Insurance Co., 90 Pa. St. 277, 35 Am. Rep. 656.

Respondent cited:   Civ. Code, Secs. 1271, 1273.

(7) To point seven of the opinion, Appellant cited:   Page on Contracts, Vol. 2, p. 1753; Wisconsin Marine & Fire Ins. Co. Bank v. Wilkin, 95 Wis. 111, 69 N. W. 354; Employers' Liability Assurance Association v. Murrow, 143 Fed. 750; Bean v. Aetna Life Ins. Co., 111 Tenn. 186, 78 S. W. 104.

Respondent cited:   Employers' Liability Insurance Corporation v. Morrow, 143 Fed. 750; Bean v. Aetna Life Insurance Company, 78 S. W. 104; Wisconsin Marine and Fire Insurance Company Bank v. Wilkin, 69 N. W. 354; Strass v. Wanamaker, 34 Atl. 648; Story on Contracts, Art. 810.

POLLEY, P. J.   This action is brought for the recovery of $2,500 claimed to be due on an accident insurance policy issued by defendant to one J. F. Dustin, and in which this plaintiff is named as beneficiary.   Said policy was issued on the 10th day of July, 1913, pursuant to a written application theretofore made by said Dustin.   But two paragraphs, C and 16 of said policy, are of importance on this appeal.   Said paragraphs read as folows:

"C. If, as a result of such injury, independent of all other causes, intervening, contributing or concerning, the death of the member shall occur within ninety days from the date thereof, the association shall pay the sum of five thousand dollars ($5,000.00), which shall be in full and complete satisfaction of every claim against it, including any claim for disability."

"16. If the member shall carry any other accident insurance, of which he has not notified this association in writing at least fifteen days prior to the date of any accident on account of which any claim is made hereunder, this association shall only be liable for such proportionate amount of the benefits or indemnity herein promised as such benefits and indemnity bear to the total amount of benefits or indemnity promised in all accident policies or certificates, and for the return of such part of the last assessment paid by the member as shall exceed the pro rata of the premium for benefits paid."

These two paragraphs are found on different pages of the policy.

On the 16th day of September, 1913, said Dustin made application to the Chicago Business Men's Association, an accident insurance company of Chicago, Ill., for additional accident insurance. This application was accepted, and on the 21st day of that month a policy was issued by said company to said Dustin, by the term of which it was agreed that, in case of the death of the said Dustin from a bodily injury caused by accidental means, the said company would pay to the beneficiary named in said policy the sum of $5,000. The said Dustin did not give to defendant the notice provided for in paragraph 16 above quoted, and on the 27th day of September, 1913, within six days after the issuance of the policy by the Chicago Business Men's Association, the said Dustin lost his life as the result of an automobile accident. Plaintiff made the proper proof of death, and demanded payment of $5,000 under the provisions of paragraph C of the policy, issued by defendant. Defendant refused to pay the full amount of $5,000, claiming that because of the issuance of the said second policy of accident insurance, and the failure on the part of the said decedent to give the notice provided for in paragraph 16 above quoted, it was liable for only $2,500. This amount defendant paid to plaintiff without prejudice to her right to prosecute this action for the remaining $2,500. The case was tried to the court upon an agreed statement of facts. Findings and judgment were in favor of plaintiff, and from such judgment and from an order overruling its motion for a new trial, defendant appeals.

It is contended by respondent that appellant's statement of the facts in the case should be disregarded by the court, for the reason that the same does not contain a sufficient amount of the material evidence to properly present the appeal. The portion of the evidence that respondent claims is material, but which appellant failed to print, is the application made to defendant by the decedent for the issuance of the policy involved. Appellant's brief contains a statement that all the material evidence is therein set forth.

[1-3] The rule which requires the appellant to set out in his brief all the material evidence does not mean all the evidence that may have been material on the trial, but only so much thereof as

is necessary to properly present the matters that are sought to be reviewed by this court. Where this has been fairly done from the standpoint of the appellant, the statement will not be stricken from the record nor be disregarded, though there may be other evidence that respondent, or even the court, believes should have been printed. In such cases the respondent may supply the omission by printing the omitted evidence in an additional statement of the case. Or the court may, if deemed necessary, order the original record sent up for examination. A statement will not be stricken from the record, nor be disregarded by the court, except on motion to that effect by the respondent, and then only when it is apparent that the appellant has, either intentionally or negligently, omitted to print portions of the evidence that is necessary to a proper understanding of the case. State v. Syverson, 159 N. W. 40, recently decided by this court. No such disregard of the rule is shown in this case; neither was the proper motion made. And, moreover, respondent's brief contains enough of the substance of said application to supply appellant's omission and to answer all necessary purposes.

[4, 5] The purpose of the provisions in paragraph 16 is to give the insurer, in accident insurance, an opportunity to guard against, and prevent, overinsurance. Such provisions can be justified only on the ground that the element of moral hazard is involved in accident insurance—that there is danger of liability on account of self-inflicted injuries if excessive or overinsurance is permitted. In fire insurance the element of moral hazard is constantly taken into consideration and is recognized by law; and a provision of similar import to the one herein involved has been written into the standard fire insurance policy, and is a part of the fire insurance law of this state. But it is contended by the respondent that such a provision in an accident insurance policy is against the public policy of this state and, for that reason, void, and that it is so repugnant to the main purpose of the policy that the two provisions cannot stand together. It is also contended that the language used in paragraph 16 is so ambiguous, and its meaning, if it has any, is so obscure and misleading, as to render the entire paragraph void. The first clause of said paragraph reads as follows: "If the member shall carry any other accident insurance." It is argued by respondent that the verb "carry," be-

ing in the present tense, has reference only to insurance carried at that time: i. e., at the time the decedent made his application for the policy involved. In the said application, the appellant had been required to state whether he was then carrying any accident insurance, and respondent contends that the decedent might reasonably have inferred from the language used in the clause just quoted that the condition in question in paragraph 16 referred only to accident insurance carried by the decedent at that time. The clause in question is not susceptible of this interpretation. When read in connection with the succeeding modifying clause, "of which he has not notified this association at least fifteen days prior to the date of any accident on account of which any claim is made hereunder," it clearly indicates that it has reference to insurance in force at the time of the accident. True, as contended by respondent, if the clause had read, "if the members shall hereafter carry," or, "shall hereafter obtain, take out or carry," any other accident insurance of which he has not notified this association at least 15 days prior to the date of any accident on account of which any claim is made hereunder, there could have been no possible ground for respondent's contention. But we are satisfied that the language used is broad enough to include any other accident insurance, whether the same was in force at the time the application was made or was issued thereafter, and that the decedent could not have misunderstood or have been misled by the language used, and that the clause in question is not void for ambiguity.

[6, 7] This brings us to the second and more difficult question: Is the provision found in paragraph 16 so repugnant to the main covenant in the policy that both cannot stand? If it is, then the provision limiting appellant's liability found in said paragraph must give way to the principal agreement found in the first part of the policy. Where two clauses of a contract are in conflict with each other the latter must give way to the former. Wis. F. & M. Ins. Co. Bank. v. Wilkin, 95 Wis. 111, 69 N. W. 354, 60 Am. St. Rep. 86, citing Canal Co. v. Hewitt, 55 Wis. 96, 12 N. W. 382, 42 Am. Rep. 701; 2 Pars. Cont. 513; Hartung v. Witte, 59 Wis. 285, 18 N. W. 175; 2 Bl. Comm. 380, 6 R. C. L. § 236. Again:

"If the subsequent stipulation of the contract should restrict what was distinctly stated, and constitutes a principal inducement

to the contract, it will be of no effect." Story on Cont. art. 810.

And, quoting from Williams v. Hathaway, 6 Ch. Div. 544:

" 'The distinction,' says Jessel, M. R., 'has always been taken between a proviso which is repugnant to the covenant, and therefore void, and a proviso which can be incorporated into the covenant and be consistent with it.' "

Can the limitation under consideration in this case be incorporated into and be consistent with the main covenants? We think it can. Had the main covenant in the policy in question read:

"In consideration of the stipulated premium, appellant agrees, subject only to the terms, conditions and limitations contained herein and the application herein set out, to pay the beneficiary of the said Dustin, in case of his death from bodily injuries while this policy is in force, the sum of $5,000: Provided, that if said Dustin shall carry any other accident insurance of which he has not notified this association at least fifteen days prior to the date of any accident on account of which any claim is made hereunder, this association shall pay only such proportionate amount of said sum of $5,000 as said sum bears to the total amount of all accident insurance policies carried by the decedent."

—it would not be subject to the criticism made by respondent. The condition in the proviso is perfectly consistent with the main covenant in the contract. It merely provides that certain conduct or acts on the part of the insured will reduce the liability of the insurer. The proviso is not contrary to any law, nor is it immoral and, unless it is contrary to public policy, it must be given effect.

As above stated, the purpose of the proviso contained in paragraph 16 is to enable the insurer to guard against and prevent excessive accident insurance. Under the terms of the provision, the issuance of additional insurance without the giving of the notice therein provided for automatically reduces the amount of the insurance. If the notice is given, the liability is not affected by the additional insurance unless the company chooses to exercise its option to return the unearned premium and cancel the policy. The only reason that is suggested why a policy shall be canceled under these circumstances is the danger of liability on account of

self-inflicted injuries where persons have been allowed to carry excessive accident 'insurance. In other words, that the element of moral hazard is involved in accident insurance. The provision guarding against moral hazard in standard fire insurance policies has been upheld by this court. Hronish v. Home Ins. Co., 33 S. D. 428, 146 N. W. 588, and is, we believe, upheld by courts in general. While it is true that the element of moral hazard is not involved in accident insurance to the same extent as in fire insurance, it cannot be denied that there is some additional risk on account of self-inflicted injuries in case of accident insurance, and that the element of moral hazard does exist. No reason has been shown why the parties to an accident insurance policy may not guard against this risk by contract; and, if the contract has been fairly entered into, it ought to be enforced.

The case involves no question of public policy. It is purely a question of the right to enter into the agreement contained in the policy. The decedent failed to give the notice provided for in the policy, and defendant's liability was reduced as therein provided.

The judgment and order appealed from are reversed.