[Travelers Ins. Co. of Hartford v. Atkinson.]

# Travelers Ins. Co. of Hartford *v.* Atkinson.

## Assumpsit.

(Decided November 16, 1916. Rehearing denied January 18, 1917. 73 South. 903.)

Insurance; Accident; Premiums; Payment.—Where the employee was injured during an insurance period for which no premium had been paid, although the wages for another month were in the hands of the employer, the employee could not recover under the contract in this case since the employer could not pay the wages in his hands for the premiums of a different month and the insurer could not collect them.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Thomas W. Atkinson against The Travelers' Insurance Company of Hartford Connecticut, on a policy of accident and employees' insurance. Judgment for plaintiff and defendant appeals. Reversed and remanded.

HOOD & MURPHREE, for appellants. CULLI & MARTIN, for appellee.

MAYFIELD, J.—This action is on a policy of insurance commonly known as "accident and employee's insurance." The employee here was insured against accidents, or injuries in consequence thereof, and the premiums were to be paid to the insurer by the employer; the employer deducting the same from the insured employee's wages which were then due and payable monthly. The premiums, however, were not payable monthly, that is, every month during the year, but the whole annual premium of $23 was divided into four equal installments, one due May, one due June, one due July, and one due August of the same year (1914) ; and for this period, of course, the payments were monthly. The first three premium payments were made, as provided; but the last payment was not made. The injury resulted after August, but during the year 1914, and during the period of insurance which the August installment or payment was intended to cover. The trial resulted in a verdict and judgment for plaintiff, the insured, and the defendant insurance company appeals.

[Travelers Ins. Co. of Hartford v. Atkinson.]

There were set up by the insurance company two defenses, both of which were alleged breaches by insured of the conditions or provisions of the contract of insurance. The first provision (after stating that the insurance covered four separate periods, respectively, of two, two, three, and five months, in consecutive order; the first period beginning May 2d and extending to July 2d, the second period extending to September 2d, and the third period extending to December 2, 1914) reads as follows: "The payments directed in the note or order given for this policy are premiums for separate and consecutive periods of two, two, three, and five months, and each is to apply only to its corresponding insurance period. Injuries, fatal or nonfatal, sustained during any period for which the respective premium shall not have been actually paid, shall not be covered by this insurance," etc.

The injury happened on the 14th of December, 1914, during the last period, and for this last period no premiums were ever received by the insurance company, or were ever actually paid by the insured.

It was contended by plaintiff below (appellee here) that failure to pay the last premium was not the fault of the insured, but that of the insurer; that the money with which to pay it when due was in the hands of the employer, and that the insured had assigned it, or so much thereof as was necessary to pay the premium, to the insurance company, and therefore the insurance company should have collected it; and that, having failed to so collect, the company could not hold the insured as in default for failure to pay. On this phase of the case the trial court instructed the jury as follows:

"If you become satisfied from this evidence reasonably that he [referring to plaintiff] gave an order to the Louisville & Nashville Railroad Company for them to deduct out of his pay each month the amount of the premium that was due on this policy, and the number of months were equal to the amount of the premium provided for the year, and you find from this evidence, gentlemen, that there was in the hands of the Louisville & Nashville Railroad Company an amount in the month of August sufficient to take and pay this premium, the duty devolved upon this insurance company to collect that amount or notify this man if it was not paid."

[Travelers Ins. Co. of Hartford v. Atkinson.]

The assignment of wages by the insured, for the purpose of paying these premiums, was in writing, and the important part thereof was as follows:

"May 2, 1914.

"Order for $23.00.  (Sum of Four Premiums for Separate Insurance Periods.)

"To the Paymaster, L. & N. R. R. Co.:

"Will pay to the Travelers' Insurance Company, Hartford, Connecticut, the amounts of four premiums for separate periods as follows:

"First premium, 5.75 dollars, to be paid and deducted from my wages, month of May, 1914.

"Second premium, 5.75 dollars, to be paid and deducted from my wages, month of June, 1914.

"Third premium, 5.75 dollars, to be paid and deducted from my wages, month of July, 1914.

"Fourth premium, 5.75 dollars, to be paid and deducted from my wages, month of August, 1914.

"I agree that the payments named in this order are premiums for separate consecutive periods of two, two, three, and five months, and each shall apply only to its corresponding insurance periods under the policy above specified, and only as therein provided.  "Thomas W. Atkinson."

It appears without dispute that at the time of the execution of the policy the insured was an employee of the Louisville & Nashville Railroad Company, in the capacity of flagman on one of its trains, and that he was paid monthly for his services; that he was paid about the middle of the month the wages due for the preceding month; that he worked as such employee during the months of May and June, and until the middle of July, 1914, and then quit the service of the railroad company. The first three premiums were paid out of the insured's wages, for May, June, and July, as authorized; but the payment of the last premium was not made, as contended by the insurance company, because there was no money due for the month of August, out of which it was agreed the payment should be made.

There were, however, during the month of August, funds in the hands of the railroad company, balance due insured of wages earned during the first half of July, sufficient to pay the last premium; and the insured, as we have before said, insists that the insurance company should have collected it from the railroad

company, or, failing to so collect it, should have notified insured of its failure so to do. The trial court seems to have ruled in conformity with this contention, both in his rulings on the pleadings and in his charges to the jury. This we think was due to an erroneous construction placed upon the contract and the assignment of wages with which to pay the premiums. The railroad company had no authority or right to pay these premiums out of funds or moneys in its hands, due to the insured, except as specified in the assignment above set out. The authority was not to pay out of *any* funds, moneys, or wages, due by the railroad company to the insured, but was limited to the payment of one premium out of funds due for wages earned during the month of May, one premium out of funds earned in June, one premium out of funds earned in July, and one premium (the fourth and last) out of funds earned in August. Under the undisputed facts there were never any funds or moneys due to the insured for wages earned during the month of August, because he quit the employment of the railroad company on the 15th of July, and never re-entered such service during August, nor thereafter, so far as this case is concerned.

It is shown without dispute that the railroad company did pay out of insured's wages earned in July the premium provided for in the contract, and assigned. The railroad company had no right, when it paid this third premium, to pay the fourth also, because the authority was to pay it out of the wages to become due for August. Moreover, this premium was not then due, and this balance due would have been paid to the insured employee, but for the fact that the railroad company had been garnished by creditors of the insured, and he had assigned same to a third party. To illustrate: Suppose the railroad company had paid the fourth premium out of the July wages, when it paid the third one. The insured could have recovered of the railroad, because his money had been paid out without authority and contrary to the assignment and contract. The condition was not altered, in respect to authority or right on the part of the railroad to pay out of *any funds* of the insured the fourth premium, because the balance remained in its hands until after the fourth payment should have been made. If the railroad company had then paid it to the insurance company, it would have been liable to pay it again, either to the plaintiff in garnishment, or to the defendant's assignee, and probably to both, and, if not to either, then cer-

tainly to the insured.   It is not claimed that the railroad company had any authority or right to pay, other than that conferred by the assignment of the insured in favor of the insurer, as above set out.   There is no pretense that the insured ever authorized or requested the railroad company to pay the premium due in August, out of the wages due him for July, or that after he quit the service he ever authorized his employer, or any one else, to pay the August dues out of the balance due him after paying the premium due in July.   If the railroad company had no authority or right to so pay the last premium out of the wages due for July, then, of course, the insurance company had no right to make it so pay, and hence no duty rested on the latter company to attempt so to do.

It therefore results, under the undisputed evidence, that plaintiff showed no right to recover, under this contract of insurance, for an injury received on the 14th day of December, 1914, or thereafter.   This being true, it becomes unnecessary to consider any other questions raised on this appeal.   The rulings of the trial court, both as to pleadings and as to instructions to the jury, touching the questions discussed, were erroneous, and must work a reversal; and if the evidence is the same on the next trial that it was on this, under proper issues, the trial court should direct a verdict for the defendant.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.