186 So. 559

## KILEY v. PACIFIC MUT. LIFE INS. CO.

### 6 Div. 328.

Supreme Court of Alabama.

Feb. 9, 1939.

254

Erle Pettus, of Birmingham, for appellant.

256

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellee.

THOMAS, Justice.

The suit is on a policy of life insurance.

The complaint in one count was in Code form, and not subject to demurrer.

The pleas were of the general issue and special pleas 3 to 8, inclusive.

Demurrer to plea 5 was sustained, but demurrer to the other pleas was overruled.

Plaintiff filed replications from 1 to 13, and defendant's demurrers were sustained to replications 2 to 13, inclusive. Wherefore, plaintiff took a nonsuit, with bill of exceptions.

It has been declared by this court that the acceptance of a pay order by the defendant · on insured's employer, if not limited in effect by the terms of that order, is tantamount to the extension of credit for the premiums by the insurance company. The ·general rule of construction for insurance contracts is in favor of the

assured, Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; wherein the court held that the taking of a note without limiting the conditions therein ·was a waiver of the first payment until the note becomes due.

In Continental Cas. Co. v. Vines, 201 Ala. 486, 78 So. 392, 394, this court said: "The pay order, by the authority of which deductions from the insured's monthly wages might be made in favor of the insurance company and in discharge of the railroad company's liability to its employé, did not fix any definite date upon which the monthly installments should be payable or be paid. The source from which each installment should come was stipulated; but, in view of the known customary monthly pay days of the employer, it was quite reasonable for the parties to omit to specify any definite date when the installments should be paid."

The question of group insurance and deductions of premiums by employer is discussed in All States Life Ins. Co. v. Tillman, 226 Ala. 245, 146 So. 393.

▮ The photostatic copies of the policy; of the pay order, on his employer "L. & N." as directed ·to its paymaster; of the application for insurance, all being a part ·of the policy, are made exhibits to the pleading and become a part thereof and aid thereto. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

The policy is dated October 24, 1936, and insured the life of J. K. Kiley, who died on the 18th day of November, 1936, of which the defendant had notice. The policy stipulated that it was issued in consideration of the premium, payable as provided in the application and statements set forth therein; the application contained, among other things, the following question and answer:

"18. Do you agree to pay for the policy for which application is hereby made $34.80 in 12 instalments of $2.90 each?

Yes

If order on employer is given to provide for the payment of such instalments, do you agree to pay such instalments as provided in said order and do you hereby make said order (copy to be attached to policy) part of your contract with the Company, and do you further agree that, if order on employer is not given to provide such payment, the first of said instalments shall be due without notice on the —— day of ——, 19——, and one instalment of like amount shall be due without notice on the same day of each succeeding month until all are paid, and further that if any payment be not made by 12 o'clock, noon, Standard time, of the day when due, as above specified, all your rights under said policy and the rights of the beneficiary thereunder shall then and thereby become void, and that said policy can be reinstated only at the option of the Company and under the conditions of and in the manner provided in said policy?

Yes

Dated at Birmingham, Ala. the 24th·day of Oct. 1936.

J. B. Kiley

"————————————

"(signature)".

The pay order attached contained the following provisions:

"If my said employer pays me my wages twice a month, each instalment, instead of being deducted and paid from a full month's wages as herein provided, is to be deducted and paid from my wages for the second half of each month.

"Annual Basis

"You are authorized to deduct the amount of an annual premium in —— instalments of $——.

"The amount to be deducted from my wages for the month of——, 19——, is $——, is $—— and the same amount to be deducted monthly thereafter until the above number of instalments have been paid.

"Continuous Monthly Basis.

"You are hereby authorized to deduct from my wages for the month of Nov. 1936, $2.90, and the amount to be deducted monthly thereafter is $2.90 during the period of my employment with said employer. Should I desire to discontinue my policy after it has been maintained in force for at least one year, by reason of said payments, I hereby agree to give the Insurance Company written notice. I hereby waive for myself and my beneficiaries under said policy any notice of the payment or non-payment of any premium herein provided for.

"I understand and agree that this authorization is executed by me subject to the above conditions and those on the reverse side hereof.

\* \* \* \* \* \*

258

"This policy after taking effect so continues for the period for which written unless I sooner leave the service of my present employer; *or unless default be made in the payment of any instalment,* in either of which events my insurance shall at once terminate without notice except as it may be continued in force by reason of premium previously paid. If by reason of not having been continuously at work I shall have failed to earn from said employer, before my injury is sustained or sickness contracted, sufficient wages to pay the first of said instalments, said policy shall not be deemed to be in force and no claim shall arise or be valid under said policy.

"Should said employer for any reason fail to make deduction of any instalment from the wages hereinbefore designated for that purpose, said employer may at option of the said Insurance Company deduct and pay said defaulted instalment from any of my subsequent wages, but each instalment whenever paid is to apply only to its corresponding insurance period. Should said policy lapse at any time, by reason of nonpayment of any instalment, and premium or any instalment thereof be afterwards paid, then such payment shall reinstate said policy only as provided therein. The action of said employer in deducting said instalments from my wages is entirely at my risk."

It is averred that the assured paid no premiums on the aforementioned policy, and on November 12, 1936, directed to the Louisville & Nashville Railroad Company, his employer, the following letter: ·

"Please cancel the enclosed policy, Pacific Mutual Life, No. 5446016—as I am not financially able to carry it.
"Very truly,
"J. K. Kiley."

In several pleas, as in 4 and 7, it is averred that the assured worked for the railroad company before and to November 14, 1936, but before the second half of that month began, and that after the first half of November had expired, on to wit November 18, 1936, he committed suicide.

In plea 8 it is averred that within thirty days of the date of his death, assured procured two other policies of insurance, contrary to his negative answers contained in his application for the insurance on which this suit is based, and from which the following provision is noted: "If the insured shall carry with another company, corporation, association or society other insurance covering the same loss without giving written notice to the Company, then in that case the Company shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed the pro rata for the indemnity thus determined."

The order on the employer contains the statement, above set out, that if employer pays assured his wages twice a month "each instalment, instead of being deducted and paid from a *full month's wages as herein provided, is to be deducted and paid from my wages for the second half of each month.*"

It is averred in the pleading that the appellee received no premium (no money was available therefor), and that the amount for the first half of November was collected by the personal representative of the assured from the Louisville & Nashville Railroad Company, intestate's employer, and was so available to them under the limitations of the pay order.

We should have stated, at the outset, that pleas 1 and 2 are of the general issue; pleas 3 and 4 set up the policy provisions that have been noted, and aver that the policy was not in force and effect by reason of the breach or failure of the contract provisions of insurance, and that the contract was not in force; plea 6 set up an abandonment of the policy, and plea 7 alleged that deceased committed suicide which vitiated the policy; plea 8 alleged limitation of damages based on the fact that deceased carried insurance in two other companies, covering the same risk, contrary to the policy provisions, as illustrated by the application for insurance.

The replications were addressed to the several phases indicated and covered by the pleas. For example, replication 5 carries into it the infirmities of replications 2, 3 and 4 and attempts to set up a contract by custom contrary to the express provisions of the order to pay.

The question of parol agreements and extraneous statements, contrary to the express provisions of the written order of the parties, was recently considered in Steiner Brothers, a ·Corp., v. Slifkin, ante, p. 226, 186 So. 156.

We have indicated that a contract of insurance entered into on October 24th,

specifically providing for the collection of premiums out of the second half of the monthly earnings of deceased with the Louisville & Nashville Railroad Company, had not been changed by custom on the following 12th of November or 18th of November, under the facts stated by the several pleadings. This is aside from the fact that an express contract cannot be changed by custom in the first place where it was not so indicated by a subsequent agreement of the parties.

In Loval v. Wolf, 179 Ala. 505, 60 So. 298, is the observation that a, custom, to be operative, must be reasonable, not against the law or public policy, nor opposed to any express terms of contract. Western Ry. v. Hart, 160 Ala. 599, 49 So. 371.

Such is the effect of the decision in Benton Mercantile Company v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784.

Replication 8 ignores the part of the pay order directing the employer to pay the premium, and the explicit provision that "the action of said employer in deducting said instalments from my *wages is entirely at my risk*." Suing on the contract and not with this provision, plaintiff attempts to set up contrary or non-existent, extraneous matter in reply thereto, as cancellation or touching cancellation.

Replications 10 and 11 deny the existence of the alleged policies in the Virginia Life Insurance Company. They neither traverse nor confess and avoid the pleas sought to be answered.

Appellant had declared upon a written contract of insurance, and by his replication 11 attempted to set up another and different contract of proration for indemnity determined and effected by the other policies, and which he asserts were incorporated in his policy by fraud. This replication is a departure. Patterson & Edey Lumber Co. v. Daniels, 205 Ala. 520, 88 So. 657; Christian & Daniel v. Niagara Fire Insurance Co., 101 Ala. 634, 642, 14 So. 374, 377.

In the last cited case, the court said: "It is elementary that a replication to a plea cannot set up a cause of action different from that declared on. The first count declares upon a contract of insurance. To recover on this count, the plaintiff is required to prove a valid, subsisting contract. The facts averred in one of the replications, if true, stamps the contract as fraudulent and void as to plaintiffs. The plaintiffs cannot count on the contract for a recovery, as a valid contract, and by replication to defendant's plea avoid its provisions for fraud. He sues ex contractu. His replication shows a tort. Winter v. Mobile Savings Bank, 54 Ala. [172] 174; 1 Chitty Pl. 643; McAden v. Gibson, 5 Ala. 341." Life & Casualty Ins. Co. of Tennessee v. Powell, 235 Ala. 537, 180 So. 559; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175.

The pay order is attached to replication 12 and the averments of that replication are inconsistent with the attached order to employer to pay as to the wages earned that were subject to the deduction and payment of premium. The order authorized a deduction from wages to be available for the payment of premium of $2.90—the first premium for November, and directed that the employer company should only pay "the premium thereon on the continuous monthly basis *as hereinafter indicated* (in the pay order) and charge the same against my pay account." [Parenthesis supplied.] The pay order further specifically provided that "each installment, * * * *is to be deducted and paid from my wages for the second half of each month*." Thus the premium could not be paid out of the first half of the month's earned wages. That is to say, the employer so directed may not disregard this express provision of his pay order and pay out other funds or moneys, for the reason that no such funds had been earned or accrued as wages for the second half of the month of November which were available for the payment of premiums. Plaintiff's husband's employers were within the authority of the order to pay the moneys earned in the first half of November to the personal representative of decedent. There was, therefore, no available moneys to pay premiums on the policy in question.

In Travelers' Ins. Co. of Hartford v. Atkinson, 198 Ala. 509, 73 So. 903, 904, it is held:

"The railroad company had no authority or right to pay these premiums out of funds or moneys in its hands, due to the insured, except as specified in the assignment above set out. The authority was not to pay out of *any* funds, moneys, or wages, due by the railroad company to the insured, but was limited to the payment of one premium out of funds due for wages earned during the month of May, one premium out of funds earned in June, one premium out of funds earned in July, and one premium

(the fourth and last) out of funds earned in August. Under the undisputed facts there were never any funds or moneys due to the insured for wages earned during the month of August, because he quit the employment of the railroad company on the 15th of July, and never re-entered such service during August, nor thereafter, so far as this case is concerned.

"It is shown without dispute that the railroad company did pay out of insured's wages earned in July the premium provided for in the contract, and assigned.' The railroad company had no right, when it paid this third premium, to pay the fourth also, because the authority was to pay it out of the wages to become due for August. Moreover, this premium was not then due, and this balance due would have been paid to the insured employé."

The above construction of such pay order was adhered to on the second appeal in the above case (Atkinson v. Travelers' Ins. Co. of Hartford, 202 Ala. 226, 80 So. 48, 49) and the Court said: "Counsel for appellant insist that the construction given to the contract and order on the former appeal is erroneous. We have carefully reviewed our former opinion, and we are still fully convinced of its correctness, and that it is fully supported by the following authorities: Bane v. Travelers' Ins. Co., 85 Ky. 677, 4 S.W. 787; Reed v. Travelers' Ins. Co., 117 Ga. 116, 43 S.E. 433; McMahon v. Travelers' Ins. Co., 77 Iowa, 229, 42 N.W. 179; Employers' Liability Assur. Corp. v. Rochelle, 13 Tex.Civ.App. 232, 35 S.W. 869."

This Court has further announced its adherence to the above stated rule in Continental Casualty Co. v. Vines, 201 Ala. 486, 489, 78 So. 392, 395, when it said: "Our recent decision of Travelers' Ins. Co. v. Atkinson, 198 Ala. 509, 73 So. 903, is without bearing on the case in hand. All that was there decided with reference to forfeiture of rights under the policy was that the employer could not pay an installment of premium out of any month's wages except the month which the insured, in the pay order, had specifically directed it should be paid."

In Pleas 3, 4 and 6 the provision of the policy, as exhibited by the pay order, was set out. Said pleas were to the effect that not having continuously worked and having failed to earn from his employer (before injury or sickness) "sufficient wages to pay the first of said monthly installments, said policy shall not be deemed to be in force and no claim shall arise or be valid under said policy."

We have indicated that the several provisions of the order involve more that the appointment of employer as the agent to make payment of premiums. The manner and time of payment from specially designated funds was also involved. This was contractual in character as between the insurer and the insured. Pacific Mutual Life Ins. Co. v. Watson, 223 Ala. 571, 137 So. 414.

The abandonment by assured of his policy, set up by pleas as indicated was effective without affirmative action on the part of the insurer. 32 C. J. 1242, § 425; Ryan v. Mutual Reserve Fund Life Ass'n, C.C., 96 F. 796; Roth v. Mutual Reserve Life Ins. Co., 8 Cir., 162 F. 282; Benash v. Business Men's Assurance Co., 8 Cir., 25 F.2d 423.

Defendant's plea 7 sets up the provision of the policy excluding death from suicide. This provision of the policy is valid. The word "suicide" used in the plea is the word employed in the excluding provision of the policy. It has a common and accepted meaning. The insurer if liable is liable for the death indemnity by accident only. But it is noted that the complaint is in code form. For aught that appears appellant's cause of action is based on an ordinary life policy. Appellant does not aver that J. B. Kiley met his death by accident. If she had made such an averment in her complaint a different case would have been presented by the pleadings, for that the burden would have been on appellant to negative suicide. Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728; New York Life Ins. Co. v. Jenkins, 229 Ala. 474, 158 So. 309.

In the last cited case the Court said:

"The first count of the complaint claims the principal sum payable *on the death* of insured in a life policy. To this count defendant *pleaded specially the terms of the policy limiting liability* in event of self-destruction during the first two insurance years, and then alleged that insured *committed suicide* within that period, and thereby sought to minimize the amount of the claim.

"Count A sought double indemnity upon an allegation that the policy provided for such liability if the death of insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent, and ac-

cidental means, and occurred within ninety days after the injury, and alleged that his death was so caused. To this count *defendant pleaded the general issue.* The suit was tried on those issues.

"* * * On count 1, the burden was on defendant on the issue of suicide. New York Life Ins. Co. v. Beason [229 Ala. 140], 155 So. 530; 37 Corpus Juris, 618, 619, § 415, note 7. On count A, the burden was on plaintiff on that issue. The presumption against suicide does not change that burden. Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728." [Italics supplied.]

Under the complaint presently before us, appellee was compelled to plead the suicide issue, as the count was in code form and not demurrable. The plea was good in answer to this count as the court in ruling upon pleadings cannot anticipate evidence. Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 So. 806.

Plea 8 sets up the policy provision that if the insured "shall carry" other insurance "covering the same loss," appellee would be liable pro rata. The plea employing the language of the policy averred that deceased "carried" other insurance, etc. A person does not "carry" insurance that is not in force and effect. Dustin v. Interstate Business Men's Accident Ass'n, 37 S.D. 635, 159 N.W. 395, L.R.A.1917B, 319.

In short the rulings, sustaining demurrers to replications and overruling demurrers to pleas, present a case where insurer did not receive, nor was he entitled to receive premiums in payment for its insurance; when the employer was appointed agent to pay from designated moneys only when authorized by assured, the employer had no right to make deductions from wages earned and to make payment of premiums; when the assured surrendered and abandoned the policy delivered to him on conditions of the application; and when the suicide clause and exception in the policy were set up—his beneficiary named in the policy was and is not entitled to recover of the defendant.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.