168 So.2d 243

## HOMELAND INSURANCE COMPANY

v.

## CRESCENT REALTY COMPANY.

### 3 Div. 65.

Supreme Court of Alabama.

Sept. 24, 1964.

Rehearing Denied Nov. 5, 1964.

Rushton, Stakely & Johnston, Montgomery, for appellee.

HARWOOD, Justice.

This is an appeal from a decree in a declaratory action entered against the respondent below.

The bill, filed in equity, alleged that the complainant, Crescent Realty Company, was a licensed real estate broker; that as such broker it was empowered by the respondent to secure tenants for the Frank Leu Building in Montgomery, which building was owned by the respondent, and to manage and supervise the building. For its services Crescent was to be paid 5 per cent of the rents collected. Under this agreement Crescent was paid 5 per cent of the rentals from the date of the agreement in March 1956 through May 1958. The bill alleges that in April 1958 the respondent notified Crescent that the agreement was terminated and itself took over the management and supervision of the building. The bill further alleged that Crescent required an accounting and discovery and that a justiciable controversy existed.

Respondent's demurrer to the bill being overruled, it filed a plea and answer. In the plea and answer it was averred that Crescent was not a licensed real estate broker, and asserted the illegality of Crescent to act as a broker without a license, and denied that any agreement to pay 5 per cent commission beyond termination of the agreement. The answer admitted certain allegations of the bill, and denied others, and affirmatively set up certain defenses not necessary to set forth in this review.

Later the respondent amended its answer by way of a cross bill and claimed from Crescent the sum of $11,070.87, representing the commissions paid Crescent under the agreement, on the basis that Crescent was not a licensed real estate broker during the period of the agreement.

Rufus M. King, Capell, Howard & Cobbs, Montgomery, for appellant.

After hearing, the court below entered a decree finding that under the custom and

usage prevailing in Montgomery County at the time of the agreement, the complainant was entitled to receive a fee of 5 per cent of gross rentals received by respondent under the leases negotiated by complainant during the term of the leases, and any extensions of any of said leases which contained provisions for their renewals, and entered a decree pursuant to such findings.

The court ordered a reference to the Register to determine the amounts due under its decree, and upon receiving the Register's report approved the same and adjudged the complainant should have and recover from the respondent the sum of $8,677.52.

Implicit in this decree is a denial of respondent's claim for commissions paid during the term of the agreement.

Counsel for appellant have argued in extenso several points as constituting error necessitating a reversal of this judgment. It appears, however, that one fundamental and paramount rule completely disposes of this appeal and we will confine our review to this point.

It appears that both the complainant and the respondent are successors of one or more predecessors. These matters have been stipulated and are not herein involved.

The Frank Leu Building was formerly known as the Old South Building and at such time was owned by the Old South Insurance Company. Crescent acted as the real estate agent for Old South in handling the rentals and supervision of the building. In 1953 the building was acquired by the United Insurance Company, and Crescent continued its services. On 1 March 1956 the building was acquired by the Homeland Insurance Company, of which Frank Leu was president.

Mr. T. D. Lunceford, Secretary and Vice President of Crescent, testified that upon the acquisition of the building by Homeland Insurance Company, he had a conversation with Mr. Leu. We excerpt the following from Mr. Lunceford's testimony.

"* * * My first question to Mr. Leu at that time was, 'Well Frank, I hope that you will retain our services as your real estate agent.'

"Q. What did he say to you?
"A. And Mr. Leu said, 'I certainly expect you to.'

*     *     *     *     *     *

"Q. When you discussed the matter with Mr. Leu in the beginning, was there any period of time?

"A. No time limit involved.

"Q. No period of termination?

"A. No period of time or termination.

"Q. It could have been terminated at any time?

"A. It could have been terminated the next day."

On cross examination Mr. Lunceford testified:

"Q. Now, did you have an agreement with Mr. Leu's company's predecessor, United Insurance Company when it owned the building?

"A. We had the same agreement with United Insurance. We acted as their real estate agent for the building.

*     *     *     *     *     *

"Q. Now what was the basis you worked for United on?

"A. The same basis we worked for Mr. Leu.

*     *     *     *     *     *

"Q. To your knowledge, was there no assumption by Homeland Insurance Company of any obligation to you, which United might have had, was it?

"A. It could not have been without the consent of United. But by the turning over of the assigned leases by Mr. Leu's company, and his retaining our services, put us in the same position

as we were when we took over for United." As to the agreement Mr. Leu testified that:

"In substance, we told Mr. Lunceford that we would like for Crescent to continue to operate the building, under the same agreement they had with United."

It is clear from the above testimony, by both parties to this litigation, that the contract between Crescent and the respondent was the same as between the United Insurance Company and Crescent.

The record shows that on 29 October 1953, at the time United acquired the building, they wrote the following letter to Crescent, attention of T. D. Lunceford, Vice President:

"We * * * desire that you take over and assume servicing as of November 1st. 1953, on a basis whereby you will charge 5% for collecting rentals and completely managing our properties subject or controlled by us in Montgomery, Alabama, consist (sic) of the following:" (Here are listed certain properties, including the building in question.)

\* \* \* \* \* \*
"* * * Until further notice you are to continue servicing on the above basis.

\* \* \* \* \* \*
"The authority herein granted to you to act as Servicing Agent for us may be cancelled by either party hereto upon thirty days notice * * *.

\* \* \* \* \* \*
"In the event the above and foregoing is agreeable to you kindly acknowledge your consent by affixing your signature in the space hereinafter provided and return one executed copy to this office * * *."

Indorsed below United's signature to this letter is:

"The above terms are hereby accepted this 17 day of November 1953.

Crescent Finance and Investment Co., by T. D. Lunceford."

■ Thus under the uncontradicted evidence the clear and unambiguous agreement between Crescent and the respondent was subject to cancellation by either party upon thirty days notice. The respondent exercised this clear contractual right. The contract then ceased to exist. Thereafter Crescent had no authority to collect rents or service respondent's property. Having no such rights certainly it could claim no. commissions.

■ The lower court based its decree upon the customs and usages prevailing in Montgomery County as to the payment of commissions to real estate brokers after termination of the agency. This evidence should not have been considered by the court below, sitting without a jury, and cannot be considered by us. Section 372(1), Title 7, Code of Alabama 1940.

■ Usage may be admissible to explain what is doubtful but it is never admissible to contradict what is plain, or to change an express contract. Stephenson Brick Co. v. Bessemer Engineering and Construction Co., 224 Ala. 494, 140 So. 573; Kiley v. Pacific Mut. Life Ins. Co., 237 Ala. 253, 186 So. 559; Ison Finance Co. v. Glasgow, 266 Ala. 391, 96 So.2d 737.

Counsel for appellant further argue that the court erred in not decreeing that the appellant was entitled to the commissions paid to respondent during the existence of the agreement, for the reason that respondent, during the existence of the agreement,. was not a duly licensed real estate broker.

■ The commissions were voluntarily paid by the appellant in consideration of services actually performed. The appellant paid these commissions over several years. It had full knowledge of the services for which it was compensating the appellee. The dealings between the parties were open. and amicable until the appellant elected to. cancel the agreement. There was no compulsion or oppression. Whether the appel-

lee was or was not licensed as a real estate broker in no wise affected its right to retain the commissions already earned under the agreement. No fraud can be read into these past transactions. The appellant was not entitled to recover these past commissions already paid under these conditions. H. A. Edwards Ins. Agency, et al. v. Jones, 242 Ala. 624, 7 So.2d 567. The court did not err in this aspect. In this aspect the decree is affirmed.

Affirmed in part, reversed in part and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.