Eddie McDonald, purporting to represent a class of individuals who in the past six years had rented a vehicle from Enterprise Leasing Company — South Central d/b/a Enterprise Rent-A-Car — South Central ("Enterprise"), sued Enterprise and American Automobile Insurance Company ("AAIC"), stating claims based on theories of restitution and equitable rescission and seeking a declaratory judgment.
On October 7, 1999, when McDonald rented a motor vehicle from Enterprise, he elected to purchase optional "personal accident insurance" ("PAI") coverage provided by AAIC through Enterprise. McDonald returned the rented vehicle two days later. On October 22, 1999, McDonald sued Enterprise and AAIC, alleging that Enterprise had sold him the insurance in connection with the vehicle rental and had done so without proper authorization or license from the Alabama Department of Insurance, see §§ 27-3-1 and 27-3-27, Ala. Code 1975, and therefore that the PAI insurance agreement was illegal and thus "voidable" at his option. In his complaint, McDonald seeks rescission of the insurance contract, restitution of the premium paid, and a judgment declaring that the PAI portion of Enterprise's vehicle-rental contract is illegal and void.
On December 10, 1999, AAIC moved to dismiss the complaint, pursuant to Rule 12(b)(1) and (6), Ala.R.Civ.P., contending that McDonald had no private cause of action and therefore was not entitled to the equitable remedies. On February 22, 2000, Enterprise moved to dismiss, on the same grounds. The trial court denied their motions.
The trial court, pursuant to Rule 5, Ala.R.App.P., entered an order stating that its interlocutory orders denying the motions to dismiss involved a controlling question of law and that an immediate appeal would be appropriate. On August 8, 2000, this Court granted Enterprise and AAIC permission to appeal. See Rule 5.
Unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief under some cognizable theory of law, the court should not grant a motion to dismiss a complaint. Rice v. United Ins. Co., 465 So.2d 1100
(Ala. 1984). This Court, when reviewing a motion to dismiss for failure to state a claim, must resolve all doubts in favor of the plaintiff.Whitehead v. Hester, 512 So.2d 1297 (Ala. 1987). In our review, we need not determine whether the plaintiff will ultimately prevail, only whether he has stated a claim on which he may possibly prevail. Fontenot v.Bramlett, 470 So.2d 669 (Ala. 1985).
 I.
Enterprise and AAIC contend that the trial court erred in denying their motion to dismiss. According to Enterprise and AAIC, an individual does not have a private right of action for a violation of the Alabama Insurance Code, see § 27-1-2 et seq. Consequently, Enterprise and AAIC argue that McDonald cannot prove a set of facts that would entitle him to the relief he seeks. We agree.
One claiming a private right of action within a statutory scheme must show clear evidence of a legislative intent to impose civil liability for a violation of the statute. C.B. v. Bobo, 659 So.2d 98 (Ala. 1995). The Insurance Code explicitly *Page 312 
provides in § 27-11-4 that the insurance commissioner has the authority to bring an action against any insurer he believes is violating the Insurance Code. In addition, the regulations promulgated by the Department of Insurance pursuant to the Insurance Code provide that an individual may demand a hearing before the commissioner to requite alleged violations of the Insurance Code. See Regulation 65 and §27-2-32, Ala. Code 1975. Nothing in the Insurance Code suggests that the Legislature intended to create a private right of action against one who violates § 27-3-27 by selling insurance without a license. Thus, we conclude that McDonald has no private right of action against Enterprise and AAIC for the alleged violation of selling insurance without a license.
 II.
McDonald further argues that he need not have a private right of action under the Alabama Insurance Code in order for him to be able to bring this lawsuit. McDonald, however, does not allege that Enterprise and AAIC have been unjustly enriched, so as to warrant restitution. Shaffer v.Reed, 456 So.2d 1082 (Ala. 1984). Cf. People ex rel. Abrams v. Autosure,Inc., 131 Misc.2d 546, 500 N.Y.S.2d 981 (Sup.Ct. N.Y. County 1986) (restitution for money paid for insurance sold by corporation without a license would be a harsh remedy, because the plaintiff had received a benefit). Nor has McDonald alleged fraud or collusion as a basis for rescinding the contract. Nero v. Material Sales Co., 340 So.2d 454
(Ala.Civ.App. 1976). Indeed, McDonald admits that the contract has been executed — that it is not executory. McDonald is not entitled to recover premiums already paid on the executed contract, there being no allegation of fraud or collusion. Cf. Homeland Ins. Co. v. Crescent RealtyCo., 277 Ala. 213, 168 So.2d 243 (1964).
 III.
Finally, because McDonald has presented no legal dispute that presently affects the legal rights of the parties, this action provides no basis for a declaratory judgment. King v. Calhoun Cmty. Coll., 742 So.2d 795
(Ala.Civ.App. 1999).
 IV.
Because McDonald's complaint fails to state a claim against Enterprise and AAIC upon which relief can be granted, the trial court should have granted Enterprise and AAIC's motions to dismiss. The orders denying those motions are reversed, and the cause is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and See, Brown, and Harwood, JJ., concur.