I concur fully in the main opinion.
The question as to the adequacy of Fausnight's assertion of grounds for rejecting the Perkinses' claim for restitution in the trial court is a close one. However, in his opposition to the Perkinses' motion for a summary judgment, Fausnight correctly observed that whether restitution was available for a violation of § 34-14A-5, Ala. Code 1975, was a question of first impression. He then analogized this case to cases involving unlicensed general contractors and cited McRae v.Sawyer, 473 So.2d 1006 (Ala. 1985), as authority for his argument that a remedy for recovery of the value of work performed is unavailable to the Perkinses. He then stated:
 "Similarly, § 34-14A-14 provides yet another blow to a residential home builder who does not have a license. It is this statute which states an unlicensed home builder may not bring or maintain any action to enforce the provisions of any contract. As this Court is again reminded, [Fausnight is] not attempting to enforce any contract."
I agree with the conclusion in the main opinion that by this argument the trial court was sufficiently apprised of Fausnight's contention that § 34-14A-5 condemns only an action by him and does not go beyond that limitation and authorize an action by the Perkinses for restitution.
I also agree with the conclusion in the main opinion as to the adequacy of Fausnight's principal brief. With regard to restitution, Fausnight stated:
 "A residential home builder, who does not have the license required, shall not bring or maintain any action to enforce the provisions of any contract for residential home building which he entered into. Code of Alabama (1975) § 34-14A-14. [The] Perkins[es] relied on this statute to seek a refund of payments that were paid to Fausnight for the construction of the home. However, the purpose of the statute is to prevent the builder from being able to enforce a contract if not properly licensed. The statute makes no mention of homeowners being able to seek a refund for failure to comply with the statute. In determining the meaning of a statute, the court looks to the plain meaning of the words as written by the legislature. DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270
(Ala. 1998). If the statute is unambiguous, then there is *Page 923 
no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Id.
 "In the case at hand, (which appears to be one of first impression) Fausnight is not trying to enforce the contract. Therefore, § 34-14A-14 is not applicable because it does not mention any recourse the homeowners could take to seek a refund. The trial court erred by allowing [the] Perkins[es] to use this regulatory statute as a vehicle for compensation. See below for further discussion."
Fausnight's brief, pp. 12-13.
As to the variance between Homeland Insurance Co. v.Crescent Realty Co., 277 Ala. 213, 168 So.2d 243 (1964), and Ex parte Ledford, 761 So.2d 990 (Ala. 2000), cases not cited by either party and dealing with a statute similar to § 34-14A-14, a review of the petition and briefs in Exparte Ledford reveals that the party claiming restitution cited authority that merely precluded the unlicensed entity from seeking recovery, as opposed to going further and authorizing restitution of sums previously paid. The party opposed to restitution relied only on the defense of limitations and the contention that his activity had not subjected him to the requirement of licensure as a real-estate broker. In other words, the availability of the remedy of restitution in the event licensure was found to be necessary was not a litigated issue in Ex parte Ledford. For that reason, I consider the rule applied in HomelandInsurance Co., albeit applicable here only by analogy, to reflect the appropriate view to which we are led by the felicitous confluence of reason and stare decisis.